THE STATE, Appellant, v. M. W. LLOYD.—7 S. W. (2d) 344.

Division Two, May 25, 1928.

*North T. Gentry,* Attorney-General, and *David P. Janes,* Assistant Attorney-General, for appellant; *James V. Billings* of counsel.

*Orville Zimmerman, L. R. Jones, Ely & Ely* and *B. A. McKay* for respondent.

DAVIS, C.—During the October term, 1926, the grand jury of Dunklin County returned an indictment charging defendant, a director of the Citizens Savings Bank, on or about December 29, 1925, with making a loan of the funds of said bank to defendant in excess of ten per centum of the capital and surplus of said bank without the consent of a majority of the directors of said bank, other than the borrower, first having been obtained in a meeting of said board of directors and recorded upon the minutes of said board. Upon the indictment being held insufficient by the court,· the prosecuting attorney substituted and filed an information. To an amended information filed in the Stoddard Circuit Court on change of venue, the defendant lodged a motion to quash, which the court sustained, the State appealing from the judgment entered thereon.

Omitting caption and signatures, the amended information reads:

"James V. Billings, Prosecuting Attorney within and for the County of Dunklin, and State of Missouri, upon his oath of office as such prosecuting attorney, and upon his hereto appended oath, and upon his knowledge, information and belief, informs the court and charges that M. W. Lloyd, T. Paul King and W. S. Jones, late of the county aforesaid, on or about the 29th day of December, A. D. 1925, and at divers times since, at the County of Dunklin, State aforesaid, being directors of the Citizens Savings Bank, a corporation duly organized and existing under the laws of the State of Missouri, the same being a banking institution doing business in said County and State, the same being a banking institution then and there with a capital of $50,000, and a surplus of $9500, then and there well knowing that said M. W. Lloyd was then and there a director and an officer of said Bank as aforesaid, did then and there on or about December 29, 1925, wilfully, knowingly, unlawfully, and feloniously make a loan of the funds of the said Citizens Savings Bank, a banking institution, to the said M. W. Lloyd, the same being a certain written instrument whereby a certain obligation of indebtedness was created, to-wit: A promissory note for the payment of money, to-wit: One promissory note dated December 29, 1925, in favor·of the said Citizens Savings Bank, for the sum of $10,000, due December 1, 1926, made, executed and delivered to the said Citizens Savings Bank of the said M. W. Lloyd and M. C. Lloyd, and being for the payment to the said Citizens Savings Bank of a certain sum of money on said note, to-wit: the sum of $10,000 as evidenced by

the said instrument of indebtedness created and heretofore mentioned and described as aforesaid, the same being a total amount of indebtedness aggregating the sum of $4402.62, directly and indirectly to the said M. W. Lloyd, a director of said Citizens Savings Bank as aforesaid, in excess of ten per centum of the capital and surplus of said Citizens Savings Bank, without the consent then and there of a majority of said directors of the said Citizens Savings Bank, other than the borrower, said M. W. Lloyd, director as aforesaid, first having been obtained in a meeting of the said Board of Directors and made a matter of record upon the minutes of said board, which said consent had to be first obtained and made a matter of record upon the minutes of said Board of Directors of said Citizens Savings Bank before such loan aforesaid was made, and which said consent thereto had not been obtained and made a matter of record upon the minutes of said Board of Directors of the said Bank as aforesaid before the foregoing loan was made to the said M. W. Lloyd, director as aforesaid, a more particular description of which said note is to this Prosecutor unknown, said note being lost, misplaced, returned, filed for suit, held by the Commissioner of Finance, or St. Louis Banks collateral security or pledge for loan made to the said Citizens Savings Bank, but a copy of the said note is hereto attached, and filed herewith, when he, the said M. W. Lloyd was then and there indebted, directly and indirectly, to the said Citizens Savings Bank, said banking institution as aforesaid, doing business in said County and State aforesaid, in a sum, namely, $352.62, which was almost, or nearly one-fifteenth of ten per centum of the capital and surplus of the said Citizens Savings Bank, and which said ten per centum was then and there under the circumstances stated aforesaid the limit of his borrowing power directly or indirectly from said bank in which he was a director as aforesaid, after they, the said M. W. Lloyd, T. Paul King, and W. S. Jones, directors as aforesaid, had knowledge of such fact and well knew that said M. W. Lloyd, a director of said Citizen's Savings Bank, was then and there indebted to the said Citizens Savings Bank in the sum of $352.62, and that the said existing indebtedness of the said M. W. Lloyd, director as aforesaid, was nearly one-fifteenth of ten per centum of the capital and surplus of said Citizens Savings Bank, and, after they, the said M. W. Lloyd, T. Paul King, and W. S. Jones, directors as aforesaid of the said Citizens Savings Bank, had knowledge of the fact and well knew that the foregoing loan taken, made, and evidenced by the said promissory as aforesaid and obligation as aforesaid for the payment of money to the said Citizens Savings Bank, by the said M. W. Lloyd, director as aforesaid, would increase the indebtedness of the said M. W. Lloyd, director of said Bank, to the said Citizens

Savings Bank in a sum, to-wit: $10,352.62, far in excess of ten per centum of the capital and surplus of said Citizens Savings Bank, and, after they, the said M. W. Lloyd, T. Paul King, and W. S. Jones, directors of the said Citizens Savings Bank as aforesaid, had knowledge of the fact and well knew that the foregoing loan on said promissory note for the sum of $10,000, to the said M. W. Lloyd, director of said Bank as aforesaid, by the said Citizens Savings Bank would in itself creates an excess indebtedness of the said M. W. Lloyd, director of said Bank, in a sum, to-wit: $10,352.62, far in excess of ten per centum of the capital and surplus of said Citizens Savings Bank, against the peace and dignity of the State.''

The amended information is grounded upon Section 3420-5, page 190, Laws 1925, and Section 11740, Subdivision 8, Revised Statutes 1919. Section 3420-5, page 190, Laws 1925, reads:

''Any officer, director, agent, clerk or employee of any bank or trust company who willfully and knowingly makes or concurs in making any loan, either directly or indirectly to any individual, partnership or corporation or by means of letters of credit, by acceptance of drafts or by discount or purchase of notes, bills of exchange or other obligation of any person, partnership or corporation in excess of the amounts set out in Section 11740 and Section 11807, of Chapter 108, of the Revised Statutes of 1919, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the penitentiary for not less than two (2) years nor more than ten (10) years or by imprisonment in the county jail for not exceeding one (1) year or by a fine not exceeding five hundred dollars ($500), or by both such fine and imprisonment.''

Section 11740, subdivision 8, Revised Statutes 1919, reads:

''8.   No director, officer, clerk or employee of a bank of this State shall be permitted to borrow any of the money of the bank in which he is a director, officer, clerk or employee in excess of ten per centum of the capital and surplus fund without the consent of a majority of the directors of the bank, other than the borrower, first having been obtained in a meeting of the board, said consent to be made a matter of record before the loan is made: *Provided*, if any such officer, director, clerk or employee shall own or control a majority of the stock of any other corporation a loan to that corporation shall be considered for the purpose of this subdivision as a loan to him.   Every bank or officer thereof knowingly violating the provisions of this subdivision shall, for each offense, forfeit to the State the amount lent.''

Section 11740, subdivision 1, Revised Statutes 1919, which is germane to the issues raised, reads:

''A bank subject to the provisions of this article:

"1. Shall not directly or indirectly lend to any individual, partnership, corporation, or body politic, either by means of letters of credit, by acceptance of drafts or by discount or purchase of notes, bills of exchange or other obligations of such individual, partnership, corporation or body politic an amount or amounts in the aggregate which will exceed fifteen (15) per centum of the capital stock actually paid in and surplus fund of such bank if located in a city having a population of one hundred thousand or over; twenty (20) per centum of the capital stock actually paid in and surplus fund of such bank if located in a city having a population of less than one hundred thousand and over seven thousand; and twenty-five (25) per centum of the capital stock actually paid in and surplus fund of such bank if located elsewhere in the State, with the following exceptions."

The six exceptions to subdivision 1, lettered a, b, c, d, e and f, respectively, are impertinent to the issues involved, resulting that it is unnecessary to set them forth.

I. The determinative question involves the scope of Section 3420-5, page 190, Laws 1925, in its relation to Section 11740, Revised Statutes 1919. The State bases the amended information on Subdivision 8 of Section 11740, asserting that the mentioned subdivision is comprehended by Section 3420-5. The defendant takes the converse view, denying its inclusion. The gist of Section 3420-5 is the making or concurrence in the making of an excess loan to any individual, partnership or corporation by a director or other officer of a bank. The pith of Subdivision 8, Section 11740, is the failure to record the consent of a majority of the directors of the bank, given in a meeting of the board, to the borrowing by a director, before the loan in excess of ten per centum is made. Section 3420-5 interdicts the making of an excess loan to any individual, partnership or corporation. On the other hand, Subdivision 8 does not interdict a loan in excess of ten per centum, but merely prescribes that, if such a loan is made without recording the consent of the directors as provided therein, a certain forfeit accrues. It is the making of an excess loan that Section 3420-5 proscribes. It is the failure to record the consent of the directors to the loan that Subdivision 8, Section 11740, penalizes. The term "excess" in connection with "loan," as used in Section 3420-5, does not and cannot logically or reasonably allude to the pith of Subdivision 8, Section 11740, that of the failure to record the consent of the directors to the loan. Their context develops a lack of relativity.

II. The State contends, however, that the language of Section 3420-5 includes the whole of Section 11740. But it is evident that the excess loan interdicted by Section 3420-5 refers to Subdivision 1 of Section 11740, for that subdivision alludes to and prohibits loans to any individual, partnership, corporation or body politic, which will exceed a certain per centum of capital stock actually paid in and the surplus fund of a bank, the per centum depending upon the population of the city in which the bank is located. As the bank in this case was located in Dunklin County, we take judicial notice that the county does not contain a city having a population of seven thousand, thereby authorizing the bank to loan to any individual twenty-five per cent of the capital and surplus fund.

It is evident that the Legislature did not intend that Section 3420-5 should include Section 11740 as a whole. If it had intended to include Subdivision 8, it would explicitly, by appropriate language, have extended the scope of Section 3420-5, so as to include within its terms the failure to record the consent of directors to a loan to a bank officer in excess of ten per cent. Relative to the intent of the law-making body, 36 Cyc., page 1152, says: ''So a statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute. Where, however, the adopted statute is referred to merely by words describing its general character, only those parts of it which are of a general nature, or particularly relate to the subject of the adopting statute, will be construed as incorporated into the latter in the absence of a clear intention to adopt the whole act.'' Here the adopting statute particularly related to excess loans proscribed by Section 11740. Subdivision 1 of Section 11740 is the only portion thereof that proscribes excess loans. The gravamen of the prohibition of Subdivision 8 is not the proscription of excess loans, but it is the failure to record the minutes of a directors' meeting, showing that a majority thereof consented to a loan to a director in excess of ten per cent of the capital and surplus of the bank.

III. Section 3420-5 is a criminal statute. It is to be construed strictly against the State and liberally in favor of the accused. [State v. Krueger, 134 Mo. 262, 35 S. W. 604.] · Such statutes may not be extended or enlarged by judicial interpretation so as to embrace persons not specifically brought within its terms. No one may be made subject to its provisions by implication.

The amended information is based on Section 3420-5, Laws 1925, and Subdivision 8, Section 11740, Revised Statutes 1919. It specifical-

ly charged defendant, as director of the Citizens Savings Bank, with feloniously making a loan to himself in excess of ten per centum of the capital and surplus of said bank, without first having obtained the consent of a majority of the directors, recorded before the loan was made. The charge had no legislative basis, and it is the Legislature, not the courts, that must define an offense and fix the punishment therefor. It is evident that the amended information fails to charge an offense, and consequently it is insufficient.

In view of the premises, the judgment should be and is affirmed. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.