STATE OF MISSOURI at the Relation of the School District of Kansas City, Relator, v. CHARLES A. LEE, State Superintendent of Public Schools.—66 S. W. (2d) 521.

Court en Banc, December 22, 1933.

*McCune, Caldwell & Downing* for relator.

*H. P. Lauf* for respondent.

GANTT, C. J.—Original proceeding in mandamus. The Kansas City School District (herein designated "district") seeks to compel the State Superintendent of Schools (herein designated "superintendent") to set aside from the state public school fund of the fiscal year 1932-1933 the sum of $34,500 alleged to be due said district as state aid for the education of defective children before he makes apportionment of said fund. The fund is insufficient to pay in full the state aids to school districts. The district contends that the aid for defective children should be distributed under Section 9220, Revised Statutes 1929, which would give said aid a priority of payment in the distribution of said fund.

In substance, it is provided in said section that in August of each year and before apportioning the state school fund in accordance with Section 9257, Revised Statutes 1929, the superintendent shall set aside from said fund certain state aids, among them being an aid for the education of defective children in the school districts entitled to said aid. Unless otherwise stated, all references herein to sections of the statute refer to Revised Statutes of Missouri, 1929.

In 1931 the Legislature made quite a change in the method of distributing the state school funds. [Secs. 13, 16, 19, Laws 1931, pp. 340, 341, 342, 343, 344, 346.] The change may be indicated by summarizing the old law and the new law as follows:

#### OLD LAW

Previous to 1931.

1. Rural Aid—Sec. 9285

2. Rural High School Aid—Sec. 9292

3. High School Aid—Secs. 9399 and 9401

4. Consolidated Aid—Sec. 9358

5. Defectives—Sec. 9220

6. Opportunity Rooms—Sec. 9223

7. Orphans—Sec. 9431

8. Teacher & Attendance quota to all districts—Sec. 9257

#### NEW LAW

Act of 1931.

1. Equalization Aid—Sec. 13, Laws 1931

2. Teacher & Attendance—Sec. 13, Laws 1931, and Sec. 9257

3. Defectives—Sec. 13, Laws 1931, and Sec. 9220

4. Opportunity Rooms—Sec. 13, Laws 1931, and Sec. 9223

5. Orphans—Sec. 13, Laws 1931, and Sec. 9431

6. Tuition—Sec. 16, Laws 1931

7. Transportation—Sec. 16, Laws 1931

8. Buildings—Sec. 19, Laws 1931

9. Consolidated—Sec. 13, Laws 1931 and Sec. 9358.

Under the old law the first seven were special aids, after the payment of which the balance of the fund was distributed to all the districts as teacher and attendance quota. [No. 8, Old Law.] Under said law there was no priority of payment as between the seven special aids. It will be noted that Nos. 1, 2 and 3 of the old law were abandoned in the new law as a method of distributing the fund. The equalization and teacher and attendance aids in the new law were substituted for rural, rural high school and high school aids in the old law. The new law continued a modified aid for consolidated districts. Nos. 6, 7 and 8 of the new law are additional aids.

The new law was enacted under a title which announced that it was an act providing for state support to public schools; providing conditions under which such support might be obtained; providing for the apportionment of the public school funds of the State and repealing all conflicting laws or parts of laws relating to state aids for schools and apportionments of state funds for the maintenance thereof. [Laws 1931, p. 334.]

Under Section 13 of said act (Laws 1931) provision is made for equalization aid. Thereafter said section with Section 9257 provides for teacher and attendance quota. Thereafter and immediately following said last named provision, it is provided in said Section 13 as follows:

"*Provided*, that special state aid shall continue to be apportioned as now or hereafter provided by Sections 9220, 9223 and/or 9431, Revised Statutes 1929."

The district contends that the special aid provided in Section 9220, is excepted from the provisions of the Act of 1931 by the above-quoted clause. The superintendent contends that by reference, Section 9220 is incorporated into, and made a part of said act.

We are inclined to the view of the superintendent. The mere use of the word "provided" does not convert the words following into a "proviso" in the strict legal sense. The word may be used in the conjunctive sense. [Castilo v. State Highway Commission, 312 Mo. 244, 1. c. 269, 279 S. W. 673.] We think it was so used and that the Legislature intended by said clause to incorporate Section 9220 into and make it a part of said act. The rule is stated by a standard text as follows:

"Statutes which refer to other statutes and make them applicable to the subject of the legislation are called 'reference statutes.' Their object is to incorporate into the act of which they are a part the provisions of other statutes by reference and adoption. Reference statutes are of frequent use to avoid encumbering the statute books by unnecessary repetition and they have frequently been recognized as an approved method of legislation, in the absence of constitutional restrictions." [25 R. C. L. 907.]

Furthermore, the title to the Act of 1931 indicates that the subject of state aid to schools and the apportionment of said aid would be

---

covered by said act. Furthermore, the old law gave no preference of payment to the aid in question over other special aids, and there is nothing in the Act of 1931 or the record in this case to indicate that the Legislature intended to provide a preference.

Furthermore, it must be admitted that the above-quoted clause is a provision of the Act of 1931, and that said clause makes provision for the apportionment of school funds. In other words, the apportionment to the aid in question is by virtue of the provisions of the Act of 1931. If so, said apportionment is subject to the provisions of another clause of said act, which provides that in the event of insufficient funds to provide for equalization aid and teachers and attendance quota, the superintendent shall apportion the school funds as follows:

"All school funds to be apportioned by virtue of the provisions of this act shall be apportioned to all districts in *pro rata* proportion, paying such percentage of each and every one of those apportionments as the money available in the public school fund will permit. . . ."

It follows that the district is not entitled to payment of said aid before apportionment of the state school funds by the superintendent.

In this proceeding the district also seeks to compel the superintendent to pay certain money alleged to be due said district on the apportionment of the state public school fund of the fiscal year 1931-1932. This claim is also made upon the theory that the special aid for defective children is entitled to priority of payment. For the reasons stated in ruling the question under the apportionment of the fiscal year 1932-1933, this claim of priority is also ruled against the district.

The peremptory writ should be denied. It is so ordered. All concur.