KANSAS CITY, MISSOURI, Appellant, v. G. W. FROGGE.—No. 38365.—
—176 S. W. (2d) 498.

Court en Banc, November 1, 1943.

Rehearing Denied, January 3, 1944.

234

*William E. Kemp*, City Counselor, and *Arthur R. Wolfe*, Assistant City Counselor, for appellant; *Elliott H. Jones* for E. H. Norrington, *amicus curiae*; *V. E. Phillips* and *Burdette Yeo, amici curiae.*

*B. T. Hurwitz* for respondent; *Hanna & Hurwitz* of counsel.

236

*John C. Grover, amicus curiae.*

VAN OSDOL, C.—This is an action to recover the amount of tax imposed upon defendant by plaintiff city under the provisions of its Ordinance Number 5504. The case was submitted in the trial court on an agreed statement of facts. Finding and judgment was for defendant; the trial court did not indicate the ground upon which it declared the ordinance to be invalid. Plaintiff has appealed.

The ordinance, taxing the storage, use or other consumption of certain tangible personal property in Kansas City, Missouri, is attacked

by answer as violative of Section 16 of Article IX of the Constitution of Missouri, in that the ordinance is inconsistent with the provisions of Section 8395, R. S. 1939, Mo. R. S. A., sec. 8395; as a violation of the commerce clause (Section 8, Article I, Constitution of the United States); as a violation of the exports-imports clause (Section 10, Article I, Constitution of the United States); and as violative of the due process and equal protection of the law clauses of the 14th Amendment of the Constitution of the United States, in that it discriminates between citizens of Missouri who purchase chattels of dealers in Kansas and those who purchase chattels of dealers in Missouri, and in that its practical operation imposes the tax on those citizens of Missouri who purchase motor vehicles in Kansas while it is "scantily imposed, if at all" with respect to those citizens of Missouri who purchase other chattels in Kansas. Defendant, respondent, by brief herein has challenged the validity of the ordinance as violative of Section 16, Article IX, Constitution of Missouri, in that it is inconsistent with the Sales Tax Act of Missouri and the rules and regulations adopted by the State Auditor with respect thereto; in that it is inconsistent with Section 7440, R. S. 1939, Mo. R. S. A., sec. 7440; and in that it is inconsistent with Section 7442, R. S. 1939, Mo. R. S. A., sec. 7442. Further, the defendant in his brief has attacked the validity of the ordinance as a violation of Sections 3 and 4 of Article X, Constitution of Missouri, contending that the ordinance in practice and in effect creates an arbitrary and discriminating classification for taxation.

Plaintiff is a municipal corporation organized under a special charter adopted by its people for its own local self-government, under the provisions of Section 16, Article IX, Constitution of Missouri. Defendant is a resident of Kansas City, Missouri, and since the effective date (October 16, 1939) of the ordinance has purchased from a retail motorcar dealer in Kansas City, Kansas, four motor trucks which defendant now uses in his business in Kansas City, Missouri. The storage, use, consumption or sale of said personal property has not been subjected to any sales or use tax by the state of Missouri nor by any other state. Defendant has not paid any tax under or by virtue of the provisions of the ordinance, but has otherwise paid all taxes, licenses and fees and performed all requirements in connection with the trucks as required by law. A diligent effort has been made by plaintiff city to further the collection of all taxes levied under the ordinance; the collection made by plaintiff under the ordinance, to and including August 12, 1940, on automobiles is $5288.41, and on other tangible personal property is $98.67. It is agreed that, if the ordinance is deemed valid, defendant is liable for a use tax in the sum of $83.60. Provisions of the ordinance necessary in a review of the case are as follows: .

"WHEREAS, it is deemed necessary and proper to complement the Sales Tax Act of State of Missouri and to impose a compensating

use tax upon all tangible personal property purchased for use in this city, upon which no sale tax has been paid; Now, Therefore, Be it Ordained by the Council of Kansas City: . . .

"Section 2. An excise tax is hereby imposed and levied upon the storage, use or ▇▇▇▇ other consumption in this city of tangible personal property purchased after the effective date of this ordinance for storage, use or other consumption in this city, at the rate of two (2) per cent of the sales price of such property, . . .

"Every person storing, using or otherwise consuming in this city tangible personal property purchased after this ordinance has gone into effect, shall become a taxpayer hereunder . . .

"Section 3. The storage, use or other consumption in this city of the following tangible personal property is hereby specifically exempted from the tax imposed by this ordinance:

"(a) Property, the gross receipts from the sale of which are required to be included in the measure of the tax imposed under the Sales Tax Act of this State. . . .

"(e) Property, the storage, use, consumption or sale of which has already been subjected to a tax equal to or in excess of that imposed by this ordinance, whether under the laws of this State or some other State of the United States; . . .

"Section 5. The tax imposed by this ordinance shall not apply (a) with respect to the use of any article of tangible personal property purchased, produced or manufactured outside of this state until the transportation of such article into this city has finally ended and such article has come to a repose in this city, or has become commingled with the general mass of property in this city . . . ."

▇▇ This is the first case touching upon the validity of a "compensating use tax" in Missouri. The compensating use tax is not a new or novel one, however; a number of the states have made provision for such a tax. An interesting discussion of the tax, particularly with relation to its validity under the commerce clause (Section 8, Article I, U. S. Constitution), may be found in 38 Columbia Law Review (1938), p. 63. The case of Henneford et al. v. Silas Mason Co., 300 U. S. 577, 57 S. Ct. 524, is the first and leading case bearing upon the validity of such a tax in such relation. In that case the Supreme Court of the United States, opinion by the late Mr. Justice CARDOZO, upheld (insofar as the commerce clause is concerned) a tax upon the privilege of using within a state (Washington) any article of tangible personal property after the property has ceased to be in transit, which property is purchased at retail, and upon which a sales tax has not been paid in the state of Washington or any other state. Said the court of the nature of the privilege taxed:

"The privilege of use is only one attribute, among many, of the bundle of privileges that make up property or ownership (citing cases). A state is at liberty, if it pleases, to tax them all collectively, or to separate the faggots and lay the charge distributively."

The court in discussing the practical effects of such a tax said,

"The practical effect of a system thus conditioned is readily perceived. One of its effects must be that retail sellers in Washington will be helped to compete upon terms of equality with retail dealers in other states who are exempt from a sales tax or any corresponding burden. Another effect, or at least another tendency, must be to avoid the likelihood of a drain upon the revenues of the state, buyers being no longer tempted to place their orders in other states in the effort to escape payment of the tax on local sales."

But the question of the validity of a compensating use tax of a state enacted to complement the sales tax of a state is not within the purview of the case at bar, but the question here presented is the validity of such a tax enacted by a municipality.

A reference to the record including plaintiff's assignments of error in its motion for a new trial and herein, as well as the remarks of counsel during the trial of the cause, indicates that the trial theory was not limited to the issues of invalidity as specifically alleged in the answer but that the trial was had on the theory that a fundamental question inheres in the case; that is, has the plaintiff city the power to levy and collect such a tax?

Plaintiff city asserts that it has the charter power to assess, levy and collect taxes for all general and special purposes on all subjects and objects of taxation (Paragraph (1) of Section 1, Article I of the Charter of Kansas City); that an act of the legislature is "neither necessary nor useful toward empowering Kansas City to levy a use tax"; that the general power to impose some kind of taxes in order to raise revenue to enable the performance of municipal functions is implied from the grant of the right to plaintiff city to frame a charter for its own government; that it gets its power to tax directly from the Constitution subject to the condition that such power may be controlled by general laws of the state, and that "if there be no general law of the state upon the subject of any particular tax then Kansas City is *limited* in regard to imposing such a tax *only by the power reserved in its charter.*" (Our italics.)

". . . The taxing power belongs alone to sovereignty. No such power inheres in municipal corporations. This principle is universally recognized. Therefore as municipal corporations have no inherent power of taxation, consequently they possess only such power in respect thereto which has been granted to them by the constitution or the statutes. . . . And since the authority to levy taxes is an extraordinary one, it should never be left to implication unless it be a necessary implication. The grant relied upon must be evident and unmistakable, and all doubts will be resolved against its exercise, and in favor of the taxpayer." 6 McQuillin, Municipal Corporations, 2d Ed., sec. 2523, pp. 313-316.

Cases relating to the power of taxation, its source and its limitations, as it may be exercised in plaintiff city (and other cities of

the state organized under special charter) are cited and discussed, and the historical development of such power is reviewed, with incidental discussion of other governmental powers, in Kansas City v. J. I. Case Threshing Machine Co., 337 Mo. 913, 87 S. W. 2d 195. See also State ex rel. Carpenter v. St. Louis, 318 Mo. 870, 2 S. W. 2d 713; and Ex parte Siemens v. Shreeve, 317 Mo. 736, 296 S. W. 415.

Said the court in Kansas City v. J. I. Case Threshing Machine Co., supra:

". . . certain functions have, by this court, definitely been determined governmental, the control of which remains in the State. The police power is one. A municipal corporation has no inherent police power, but derives it solely from delegation by the State. . . .

"There can be no doubt that the power to tax falls within this class. It is a governmental function inherent in the State. . . ."

While the power to tax is inherent in the state, the exercise of the power of taxation (the power to impose taxes, the power to levy taxes) is in the General Assembly for legislative power, subject to certain limitations, is granted to the General Assembly by Section 1, Article IV, Constitution of Missouri. Yet it is held that the *power to levy* taxes is inherent in the legislature independent of any constitutional grant; it is absolute and uncontrolled except as specifically limited in the Constitution. State ex rel. Carpenter v. St. Louis, supra; State ex rel. Emerson v. Mound City, 335 Mo. 702, 73 S. W. 2d 1017; Ex parte Sanford, 236 Mo. 665, 139 S. W. 376; Glasgow v. Rowse, 43 Mo. 479.

The General Assembly may impose taxes upon municipal corporations or upon the inhabitants thereof for other than strictly municipal purposes, Section 1, Article X, Constitution of Missouri; State ex rel. Carpenter v. St. Louis, supra; State ex rel. Faxon v. Owsley, 122 Mo. 68, 26 S. W. 659. The General Assembly may not impose taxes upon municipal corporations or upon the inhabitants thereof for municipal purposes but may, by general laws, vest in the corporate authorities the power to assess and collect taxes for municipal purposes. Section 10, Article X, Constitution of Missouri.

"*A charter* framed by a city for itself under direct constitutional grant of power so to do *has*, within the limits therein contemplated, *the force and effect of one granted by an act of the legislature* when unrestrained by constitutional provision." (Our italics.) Ex parte Siemens v. Shreeve, supra. See also State ex rel. Carpenter v. St. Louis, supra; and Morrow v. Kansas City, 186 Mo. 675, 85 S. W. 572.

By the grant to plaintiff city of the right to frame and adopt a charter, the people of the state transferred or granted part of the legislative power of the state (subject to constitutional limitation in the grant, Section 16, Article IX) to the people of plaintiff city. The power so granted to the people of plaintiff city was the *legislative power to frame and adopt a charter* for its own government. Morrow

v. Kansas City, supra. The people of a city which has been granted the right by the people of the state to frame and adopt a charter may not deem it desirable or needful to delegate under the charter of their city all of those powers which may be delegated by the legislature to cities organized under general law. So the powers which plaintiff city may exercise, through the constitutional grant of the right to frame and adopt a charter, are those powers which the people of the city delegate to it under its charter, if unrestrained by constitutional limitation.

The plaintiff city's power to impose taxes is, therefore, not the power to impose any tax, except as "limited by the power reserved in its charter" and uncontrolled by general law; but is the power to impose those taxes which has been delegated by the General Assembly under statute or by its people under its charter, if unrestrained by constitutional limitation.

"The municipal corporation known as 'Kansas City'" has power under Paragraph (1) of Section 1, Article I, Charter of Kansas City as follows:

"(1) To assess, levy and collect taxes for all general and special purposes on all subjects or objects of taxation and to provide for enforcing the prompt payment thereof by any appropriate means."

This paragraph does not enumerate the "subjects and objects" on which the plaintiff city may assess, levy and collect taxes, nor does it state the kind of taxes the plaintiff city may assess, levy and collect However, subjects and objects of taxation and kinds of taxes which may be levied thereon are enumerated in the charter of plaintiff city, Paragraphs 57-58-59-60 of Section 1, Article I (excise or license) and Article XII (ad valorem), Charter of Kansas City.

The subjects and objects of taxation on which plaintiff city may assess, levy and collect taxes under Paragraph (1), Section 1, Article I of its charter are construed as those subjects and objects on which the plaintiff city has been delegated the authority under statute or charter (for municipal purposes) to assess, levy and collect taxes; and the kinds of taxes which the plaintiff city may assess, levy and collect are the kinds of taxes which the plaintiff city has been authorized under statute or charter to assess, levy and collect upon the particular subjects or objects taxed.

No statute, or provision of plaintiff city's charter, expressly authorizes plaintiff city to separate the "bundle of privileges that make up property or ownership" and empowers the city to levy an excise tax, according to the sales price of the property, upon that privilege of property or ownership which may be called "the privilege of the storage, use or other consumption" of property.

In a sense it is true, as plaintiff city contends, that the general power to impose some kind of taxes is implied from the grant to a city of the right to frame a charter for its government. This follows of necessity because no municipal functions can be carried on without

242

revenue from some source. Kansas City v. J. I. Case Threshing Machine Co., supra; State ex rel. Carpenter v. St. Louis, supra. However, plaintiff city, as hereinbefore stated, has provided, under its charter, the sources of its revenue, and so the power to levy the tax as provided in Ordinance Number 5504 could not be necessarily implied in plaintiff city in order that it may be enabled to carry on its municipal functions.

(It is expressly noted that the validity of a delegation to plaintiff city, under the provisions of statute or charter, to impose the "use tax" in question has not been considered herein.)

█ Although the plaintiff city has sought to uphold the validity of Ordinance Number 5504 as a revenue measure, it could be urged that the ordinance may be justified as an exercise of the police power—in order that retail sellers of Kansas City will be helped to compete upon terms of equality with retail sellers in other states who are exempt from a sales tax or other corresponding burden—as was suggested as one of the practical effects of a compensating use tax in Henneford et al. v. Silas Mason Co., supra.

"There are some cases in which levies are made and collected under the general designation of taxes, . . . where the imposition of the burden may fairly be referred to some other authority than to that branch of the sovereign power of the state under which the public revenues are apportioned and collected. The reason is that the imposition has not for its object the raising of revenue but looks rather to the regulation of relative rights, privileges and duties as between individuals, to the conservation of order in the political society, to the encouragement of industry, and the discouragement of pernicious employments. . . . This manifestation of the sovereign authority is usually spoken of as the police power." 1 Cooley, Taxation, 4th Ed., sec. 26, p. 94.

In the consideration of the ordinance as an exercise of the police power, as in the consideration of the ordinance as an exercise of the taxing power, the question of the validity of the compensating use tax of a state to complement the sales tax of a state is not within the purview of this inquiry, but the question here to be considered █ is the validity of such a measure enacted by a municipality.

The people of Kansas City have delegated to the city under its charter very broad and comprehensive police powers. Plaintiff city has express power under its charter to license, tax and regulate any and every person, firm, association or corporation in anywise engaged in almost every occupation, business, trade, pursuit, profession, calling, employment, vocation or avocation in the city. This and other express powers within the scope of the exercise of police power may be found among the provisions of Article I, Charter of Kansas City. It also has a general (prosperity-welfare) provision authorizing it to enact all needful ordinances for protecting public and private property, and for promoting the public health, safety,

convenience, comfort, morals, prosperity and general interests and welfare of the people of the city. Paragraph (61), Section 1, Article I, Charter of Kansas City. It is not expressly provided under the charter that plaintiff city may impose a regulatory tax (fee) upon the owners of tangible personal property sufficient to equalize the competitive relations in the trade and commerce of Kansas City; this is unnecessary, if the power to impose a police regulation is embraced within the general powers granted under the city's charter. Ex parte Williams, 345 Mo. 1121, 139 S. W. 2d 485; City of St. Louis v. Baskowitz, 273 Mo. 543, 201 S. W. 870; St. Louis Gunning Adv. Co. v. St. Louis, 235 Mo. 99, 137 S. W. 929.

We have hereinbefore ruled on the validity of the use tax provided in Ordinance Number 5504 as a revenue measure, and in so doing considered the use tax apart from any relation to the Sales Tax Act of Missouri. But it is better that we should not consider whether plaintiff city has the power to impose a fee, as a police power measure, under the general regulatory provisions of its charter, apart from the relation the fee (as provided in Ordinance Number 5504) may bear to the Sales Tax Act of Missouri; this, for the reason that some economic condition which is not due to the Sales Tax Act of Missouri could possibly justify a regulation of competitive relations in trade and commerce in plaintiff city under the general regulatory provisions of its charter. Consequently, we must test the validity of (Ordinance Number 5504) a regulatory fee provided by a municipality to equalize competitive conditions within a city as may be resultant of the Sales Tax Act of Missouri.

The state by granting to plaintiff city the right to adopt and frame a charter for its own government did not confer upon plaintiff city the right to assume under its charter all of the powers which the state may exercise within the city, but conferred the right to assume those powers incident to it as a municipality. There are governmental powers, the exercise of which is essential to the prosperity and welfare of the people of a city, yet are not essentially appertaining to city government. These powers, unless delegated by the state, are reserved in the state to be exercised by it. City of St. Louis v. King, 226 Mo. 334, 126 S. W. 495; State ex rel. Garner v. Mo. & K. Tel. Co., 189 Mo. 83, 88 S. W. 41. See also Municipal Corporations, 43 C. J., sec. 176, p. 178; 43 C. J., sec. 203, p. 204; and State ex rel. Carpenter v. St. Louis, supra.

The Sales Tax Act, Article 24, Chapter 74, Revised Statutes 1939, as amended and reenacted by the Sixty-first General Assembly, Laws of Missouri 1941, pp. 698-714, is an exercise of the power of taxation and is exclusively a *state* revenue measure. Section 11454, R. S. 1939, Mo. R. S. A., sec. 11454, Laws of Missouri 1941, p. 713.

It seems clear that Ordinance Number 5504 does not regulate within Kansas City a competitive condition which is local or munici-

pal in character, but regulates a condition in Kansas City which obtains throughout the state due to the state-wide application of the Sales Tax Act of Missouri. Although unequal competitive conditions as a result of the sales tax in Missouri may affect the merchants of Kansas City, so will such unequal competitive conditions, in greater or lesser degree, affect the business of merchants throughout the state of. Missouri. The legislature, in passing the Sales Tax Act, did not undertake to complement the tax on sales by the enactment of a compensating use tax nor did it delegate the power to any city to impose a regulatory fee to equalize competitive conditions which may be due to the state tax on sales. The power to provide for such a regulation, therefore, remains in the state and may be exercised at the will of the legislature, if unrestrained by constitutional provision.

The judgment is affirmed.

 PER CURIAM:—The foregoing opinion by VAN OSDOL, C., in Division One, is adopted as the opinion of the Court en Banc. All concur except *Gantt, J.,* absent.

PER CURIAM:—Plaintiff city has filed motion for rehearing urging that the court has failed to give consideration to Subsection 2, Section 1, Article I, Charter of Kansas City, wherein the municipal corporation known as "Kansas City" is given power "(2) To classify the subjects and objects of taxation and each or any of them." And, further plaintiff city urges, that the court has failed to give consideration to the rule of construction embodied in the Charter of Kansas City, Section 3, Article I, which is as follows, "Sec. 3. GENERAL POWERS NOT LIMITED. The enumeration of any particular power granted in this charter shall not be construed to limit or impair any general grant of power in this charter contained."

Our opinion does not question the power of the city to reasonably classify those subjects and objects of taxation which the city is by its charter or statute authorized to tax. And we see no conflict between the decision, Automobile Gasoline Co. v. City of St. Louis, 326 Mo. 435, 32 S. W. 2d 281, and our decision herein.

Of the rule of construction, Sec. 3, supra: this may not be held to delegate to the municipal corporation the power to assess, levy and collect taxes which have not been authorized by charter or statute. The power of taxation, a sovereign power, should be strictly construed as against the taxing municipality.

Plaintiff city further asserts that the opinion herein is in conflict with State ex rel. People's Motorbus Co. of St. Louis v. Blaine, 332 Mo. 582, 58 S. W. 2d 975. In that case this court stated (332 Mo. at page 587), "Paragraph 1 of Section 1 of Article I of the charter of the city of St. Louis provides that the city shall have power '*to assess, levy and collect taxes for all general and special purposes on all subjects or objects of taxation.*' There can be no question but what this language of the charter is sufficiently broad to authorize the city to

levy any kind of a tax which is not inhibited by some other provision of the charter or by some constitutional or statutory provision." This statement, considered as a basis for the result of that case, is overruled. We do not rule that the result of that case was wrong, however.

The motion for rehearing is overruled.