STATE v. JACK STROEMPLE and CHESTER SKIBA, Appellants.—No. 39936.—199 S. W. (2d) 913

Division Two, February 10, 1947.

Rehearing Denied, March 10, 1947.

B. J. *Creech* for appellant Chester Skiba and *G. C. Huston* for appellant Jack Stroemple.

1148

*J. E. Taylor*, Attorney General, and *Robert L. Hyder*, Assistant Attorney General, for respondent.

BARRETT, C.—Chester Skiba, Jack Stroemple and Frank Earnest were sentenced to thirty years' imprisonment for the armed robbery of the Peoples Bank of Hawk Point on August 11, 1943. Upon this appeal Skiba and Stroemple contend that they had theretofore been tried for the same offense, that the present trial and conviction again put them in jeopardy for the same offense, consequently they are entitled to be discharged. Const. ▮▮▮ U. S., Amend. V; Const. Mo., Art. I, Sec. 19; Mo. R. S. A., Secs. 4846, 4847, 4848. They further contend, if not entitled to be discharged, that they are entitled to a new trial because the court erred, first, in failing to submit the question of their double jeopardy to the jury and, second, in

instructing the jury upon the subject of their voluntary statements.

The appellants' claim of being twice placed in jeopardy for the same offense is based upon these circumstances: In the beginning the defendants were proceeded against by separate informations filed on the 14th day of August 1943. Each of the defendants entered pleas of guilty to the informations and each was sentenced to thirty-five years' imprisonment. While they were serving their sentences in the Missouri penitentiary the appellants filed petitions for habeas corpus in the Supreme Court of Missouri and in May 1945 the court sustained their petitions upon the ground that they had not been represented by counsel at the time the pleas of guilty were entered. (Williams v. Kaiser, 323 U. S. 471, 65 S. Ct. 363, 89 L. Ed. 398.) Accordingly the court remanded them to the sheriff of Lincoln County "for further proceedings." After the appellants had been returned to Lincoln County three prominent, experienced lawyers were appointed to represent them. On the 20th of July 1945 the prosecuting attorney dismissed the informations. Thereupon an indictment was returned charging the appellants and Earnest with the bank robbery. Counsel were reappointed and the defendants, upon being arraigned, refused to plead either guilty or not guilty and took the position that the court did not have jurisdiction to try them under the indictment. The court assumed them to be not guilty (Mo. R. S. A., Sec. 4004) and set their trials for the 20th of September. Before the cause proceeded to trial the defendants filed pleas in bar based upon these facts. The trial court overruled the pleas and the appellants now contend, as a matter of law, that they are entitled to be discharged.

They say that the mandates in the habeas corpus proceedings remanded them to the custody of the sheriff "for a limited purpose only," that after the mandates were returned the cases were upon the trial court's docket with their previous pleas of guilty to the informations and that the trial court was powerless to do otherwise than resentence them. They urge that a plea of guilty has the same force and effect as a verdict of conviction or acquittal and, having once entered their pleas of guilty, they were then in jeopardy. But the defect in their trials upon their pleas of guilty to the informations and for which they were remanded to Lincoln County "for further proceedings" was not an error in the sentence or judgment as to the proper place or correct time of confinement invalidating the proceedings only in so far as they affected the sentences, as was the case in LaGore v. Ramsey (Mo.), 126 S. W. (2d) 1153. Here the defect complained of in the habeas corpus proceedings, failure of the court to appoint counsel, inhered in and invalidated the entire proceedings, they were set aside as void including the pleas of guilty and so, when they were remanded "for further proceedings" their cases, including the pleas of guilty, were upon the trial court's docket as though there had never been a judgment and as though they had never been tried.

Ex parte Thompson v. Sanders, 334 Mo. 1100, 70 S. W. (2d) 1051; State ex rel. Dutton v. Sevier, 336 Mo. 1236, 83 S. W. (2d) 581. The cases were then pending upon the informations originally filed but the prosecuting attorney was bound to pursue the mode of procedure first chosen so long as that mode of procedure was undetermined. Mo. R. S. A., Sec. 3892. Once the cases are again upon the trial court's docket as though they had never been tried the prosecuting attorney may terminate the procedure by information and thereafter prosecute all the causes by indictment as he may also substitute an information for an indictment. State v. Weagley, 286 Mo. 677, 687, 228 S. W. 817, 819; State v. Taylor, 171 Mo. 465, 473, 71 S. W. 1005.

This may in effect dispose of the appellants' claim of double jeopardy. But if it does not there can be little doubt that their plea is untenable in the circumstances of this case. As we have indicated, their pleas of guilty were set aside as void. And' our constitutional provision, upon ▆▆▆ which they rely, says "nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; *but* if the jury fail to render a verdict . . . and *if judgment be arrested after a verdict of guilty on a defective indictment or information, or if judgment on a verdict of guilty be reversed for error in law, the prisoner may be tried anew* on a proper indictment or information, or *according to the law.*" Const. Mo., Art. I, Sec. 19. And so it is with the statutes, when the defendant has been acquitted or convicted "but the judgment shall for any cause be arrested, he may be tried and convicted on a subsequent indictment for the same offense, . . ." Mo. R. S. A., Secs. 4846-4848. In these circumstances, the appellants' prior convictions upon their pleas of guilty to the informations having been set aside as void, they could not validly support the pleas in bar that they had theretofore been placed in jeopardy for the same offense. Bayless v. U. S., 147 Fed. (2d) 169; State v. Goddard, 162 Mo. 198, 62 S. W. 697; State v. Schierhoff 103 Mo. 47, 15 S. W. 151; annotation 97 A. L. R. 160; 22 C. J. S., Sec. 266, 15 Am. Jur., Sec. 364. The fifth amendment to the Constitution of the United States applies only to the procedure and trial of causes in the federal courts and is not therefore, in any event, available to the appellants in this cause. Ex Parte Dixon, 330 Mo. 652, 52 S. W. (2d) 181, 182.

There was no dispute as to the facts upon which the pleas of former jeopardy were based. The prosecuting attorney admitted the identity of the appellants and the crimes charged in the informations and in the indictment, (Compare: State v. Huffman, 136 Mo. 58, 37 S. W. 797) any other facts in support of the pleas were the records of the courts of which there was no dispute, hence the validity of their pleas of former jeopardy was a question of law for the court and not a question of fact to be submitted to the jury. State v.

Manning, 168 Mo. 418, 429-430, 68 S. W. 341; State v. Goddard, 162 Mo. 198, 225, 62 S. W. 697; annotation 11 Ann. Cas. 994; 23 C. J. S., Sec. 1129.

The state contends that the assignment that the court erred in giving the three instructions upon the subject of any voluntary statements the defendants may have made is not reviewable upon this appeal because the appellants did not object and except to the giving of the instructions. The record reveals that the appellants objected and excepted to the court's refusal of their proffered instructions, to the reception of the verdict and the entering of judgment upon it and to the overruling of their motion for a new trial, (Cf: State v. Wolzenski, 340 Mo. 1181, 1186-1189, 105 S. W. (2d) 905, 907-909) but there was no objection or exeption to any of the given instructions. In their motions for a new trial the appellants have set forth in detail and with particularity their objections to the instructions, (Mo. R. S. A., Sec. 4125) but the problem is whether they must have previously laid the foundation for the assignments in their motion for a new trial and also have objected and excepted to the giving of instructions before or at the time they were given as they did as to the refused instructions.

The code of criminal procedure provides that "On the trial of any indictment or prosecution for a criminal offense, exceptions to any decisions of the court may be made in the same cases and manner provided by law in all civil cases; and bills of exceptions shall be settled, signed, sealed and filed as now allowed by law in civil actions, . . ." Mo. R. S. A., Sec. 4084. The apposite section of the civil code with reference to the saving of exceptions says that "either party shall except to the opinion of the court, and shall write his exception and pray the court to allow and sign the same, . . ." Mo. R. S. A., Sec. 1174. But Section 1174 was specifically repealed by Section 1 of the new civil code of procedure (Laws Mo. 1943, p. 353) and the preliminary question is whether that statute is nevertheless of force so far as criminal procedure is concerned. Section 4084 of the code of criminal procedure has been in effect, virtually unchanged since 1835 (R. S. 1835, p. 491; R. S. 1879, Sec. 1921) and its context as well as the facts plainly indicate that its provisions are continuing in nature; that is, exceptions in criminal cases are to be allowed "as now allowed by law in civil actions." The apposite section of the civil code was in force when the criminal code was enacted, with some modifications before and since. See and compare: 1 Terr. Laws 1807, p. 117; R. S. 1825, p. 631, Sec. 39; Laws Mo. 1849, p. 93; Laws Mo. 1889, pp. 164, 189, Sec. 3635. As we have said, the new code of civil procedure specifically repealed Section 1174 but plainly it was not intended that the new civil code should in any way apply to criminal procedure except as its provisions "are now or hereafter may be made applicable *by statute*." Code of Civil Procedure,

Sec. 145. Section 145 further provides "If it occur that *inadvertantly* this act may affect any change in the practice and procedure in criminal cases *as the same exists at the time of the passage of this act*, the Supreme Court shall and is hereby directed to immediately promulgate a rule restoring such a provision or provisions of said criminal practice and procedure *to the end that the present practice and procedure in criminal cases shall not be changed except by a legislative act passed for that specific purpose.*" The court has not promulgated the rule called for by this section of the code and there has been no legislative action on the subject, nevertheless the provisions of repealed Section 1174 continue as the guide and rule for exceptions in criminal cases and until changed by legislative enactment must be complied with. Gaston v. Lamkin, 115 Mo. 20, 33, 21 S. W. 1100; 50 Am. Jur., Secs. 36-39, 578; annotations 17 Ann. Cas. 473; Ann. Cas. 1916B, p. 375. It is a coincidence that these identical statutes were before the court in State v. Rogers, 253 Mo. 399, 161 S. W. 770, after the criminal code had been amended in 1911 (Laws Mo. 1911, p. 139) permitting an extension of time in which to file bills of exceptions. The court then pointed out that present Section 4084 is a reference statute and said, 1. c. 408:

"When a reference statute specifically designates the section or article of the statute of which it is made a part, such reference statute will not be changed or modified by any subsequent change in the statute to which it refers. It has even been held that the provisions of a repealed law may be referred to and thus become a part of a new statute. . . But where the reference statute pertains only to a method of procedure and refers generally to some statute which defines how certain things may be done, such reference statute will be expanded, modified or changed every time the statute referred to is changed by the Legislature."

In this prosecution for robbery the subject of the appellants' voluntary statements was a collateral matter (State v. Simenson, 263 Mo. 264, 269, 172 S. W. 601; State v. Thomas, 353 Mo. 345, 356-357, 182 S. W. (2d) 534, 541; Mo. R. S. A., Sec. 4083) and not one of the questions of law arising in the case within the meaning of Section 4070, upon which the court was bound to instruct and to which the appellants could assign error though they did not object and except at the time. State v. Graves, 352 Mo. 1102, 1119, 182 S. W. (2d) 46, 57; State v. Burrell, 298 Mo. 672, 677-679, 252 S. W. 709. It is mandatory, before the appellants may assign error in their motions for a new trial and here, under referred Section 1174 that they object and except to the action of the court in giving the instructions of which they later expect to complain (Hughes v. Mississippi River & Bonne Terre Ry., 309 Mo. 560, 583, 274 S. W. 703, 710) and having failed to do so their objections may not now be considered. State v. Reed, 89 Mo. 168, 171-172, 1 S. W. 225; State v. Reich, 293 Mo. 415, 425, 239

S. W. 835, 837; State v. Hedgpeth, 311 Mo. 452, 460, 278 S. W. 740, 742; State v. Mosley (Mo.), 22 S. W. (2d) 784, 786; State v. McGee, 336 Mo. 1082, 1102, 83 S. W. (2d) 98, 110.

The judgment is affirmed. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM.—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.