GENERAL INSTALLATION COMPANY, a corporation, Respondent,

v.

UNIVERSITY CITY, a Municipal Corporation, Charles Henry, City Manager of the City of University City, Victor Ellman, Director of Finance, City of University City, and Peter Gaffney, Chief of Police, City of University City, Appellants.

No. 50072.

Supreme Court of Missouri,

En Banc.

June 8, 1964.

John H. Lashly, Elihu M. Hyndman,. Lashly, Lashly, Rava, Hyndman & Rutherford, St. Louis, for appellants.

Greensfelder, Hemker & Wiese, Mark R. Gale, St. Louis, for respondent.

STOCKARD, Commissioner.

Defendants have appealed from an adverse judgment in plaintiff's action for a declaratory judgment in which it requested and obtained a ruling that it is not required to pay, in addition to that previously paid, any business or occupation license fee or tax for the years 1958–1960 to the City of University City, Missouri, (hereafter sometimes referred to as the "City"). The issues on this appeal require the construction of Section 71.610 (all statutory references are to RSMo 1959, V.A.M.S.), a revenue law of this state, and for that reason appellate jurisdiction is in this court. Long v. City of Independence, 360 Mo. 620, 229 S.W.2d 686.

Art. VI, Sec. 19, Constitution of Missouri, provides that "Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state, * * *." Pursuant to this authority University City adopted such a charter on February 4, 1947, and it is what is generally referred to as a constitutional charter city. Section 71.610, in effect when the charter was adopted and still in effect provides that "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power

be conferred by statute." The City admits in its brief that "such power" for a constitutional charter city has not been conferred by statute. Subsec. (20) of Sec. 17 of the City's charter provides that the city council shall have the power by ordinance to:

"License, tax, and regulate all businesses, occupations, professions, vocations, activities or things whatsoever set forth and enumerated by the statutes of this State now or hereafter applicable to cities of the First, Second, Third or Fourth Class, or of any population group, and which any such cities are now or may hereafter be permitted by law to license, tax or regulate."

Pursuant to the above charter provision the City enacted by ordinance a Municipal Code, Chapter IX of which is entitled "Licenses and Business Regulations." Therein a license tax is imposed on numerous specially named businesses, occupations, vocations, and activities, one of which is "Merchants." Each merchant is required to secure a license each year and pay therefor a tax computed on the basis of "the amount of gross sales made * * * during the preceding calendar year."

Respondent is a corporation with its principal place of business in University City, and is engaged primarily in the business of "construction contracting," especially with respect to the construction and installation of piping, tubing, conduits, valves, regulators, insulation and air heating and cooling equipment in or about buildings and structures. In addition, it sells "across the counter" at its place of business various items of building equipment and merchandise. Starting in 1948, and continuing each year thereafter, respondent applied to and obtained from the City a license to do business, and with its application therefor it reported as gross receipts, for purpose of computing the license tax, only those receipts from "across the counter" sales of equipment and material. For example, in its application for a license for the year

1958 respondent reported gross receipts for the year 1957 in the amount of $23,989.06. It did not report additional gross receipts in the amount of $2,261,345.00 derived from its "construction contracting" business. Prior to February 1, 1960 there was no ordinance purporting to impose a license tax upon the business or occupation of "construction contracting" or "contractor." University City has demanded that respondent pay a license tax for the year 1958 based on the total gross receipts from its business as a construction contractor and from its business in making "across the counter" sales of equipment and merchandise at retail. Similar demands have been made for the license tax for the years 1959, 1960 and 1961.

Respondent contends, and the trial court held, that University City has no power to impose a license tax or fee on respondent "since the occupation of contracting or construction contracting is not specially named as taxable in the City's charter." The City contends, on the other hand, that "utilizing the legislative technique of incorporating the provisions of certain statutes of Missouri by reference is consistent with Section 71.610." It apparently is agreed, there being no contention to the contrary, that if the incorporation by reference technique is permissible, then the business of respondent as a "construction contractor" is specially named as taxable in the referred to statutes, and that the description or identification of the statutes incorporated by reference is adequate.

A charter of a city adopted pursuant to Art. VI, Sec. 19, Constitution of Missouri, constitutes an act of legislation. "This is because the sovereign people of the State by their Constitution have set over, transferred or granted to the people of the city a part of the State legislative power. The part so granted is the legislative power to frame and adopt a charter for local self-government. Hence it is said charter provisions ('consistent with and subject to the Constitution and laws of the state') have the force and effect of

enactments of the legislature." Giers Imp. Corp. v. Investment Service, 361 Mo. 504, 235 S.W.2d 355; Kansas City v. Frogge, 352 Mo. 233, 176 S.W.2d 498; McGhee v. Walsh, 249 Mo. 266, 155 S.W. 445. The power to tax is a governmental function inherent in the sovereign people of the state and may be exercised or delegated by the legislature subject to constitutional limitation. The delegation in this case to University City was by charter, but subject to constitutional limitations, Giers Imp. Corp. v. Investment Service, supra, and one of those limitations was that the legislative act constituting the charter was to be "consistent with and subject to the * * * laws of the state," including Section 71.-610.

■ What was attempted to be done in this case was for the inhabitants of University City, in the exercise of their constitutionally delegated legislative power, to incorporate by reference into their legislative act the specific terms of another legislative act dealing with the same general subject. This is generally recognized in this state as well as in other states, in the absence of a constitutional inhibition, to constitute a valid method of legislation. State ex rel. Cairo Bridge Commission v. Mitchell, 352 Mo. 1136, 181 S.W.2d 496, certiorari denied 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 617; State v. Stroemple, 355 Mo. 1147, 199 S.W.2d 913, certiorari denied Skiba v. Missouri, 331 U.S. 857, 67 S.Ct. 1746, 91 L.Ed. 1864; State v. Rogers, 253 Mo. 399, 161 S.W. 770; State ex rel. School District of Kansas City v. Lee, 334 Mo. 513, 66 S.W.2d 521, 523; State v. Lloyd, 320 Mo. 236, 7 S.W.2d 344, 346; State v. Peyton, 234 Mo. 517, 137 S.W. 979, 980; 82 C.J.S. Statutes §§ 71–72; 50 Am.Jur. Statutes §§ 36–39. This technique is not limited to the adoption by reference of previous statutes or acts of the same legislative body. For example, a federal statute may be enacted and made applicable in a state by adequate reference thereto in a state legislative act, 82 C.J.S. Statutes § 70b, and in Freding v. Minneapolis, 177 Minn. 122, 224 N.W. 845, provisions of a statute were held to be embodied in and made a part of a municipal charter by reference. However, we are not now prepared to say or imply that one legislative body could incorporate by reference the provisions of a legislative act of another legislative body of which those to be bound thereby are not charged by law with constructive knowledge. In the absence of Section 71.610 we think it is clear that the inhabitants of University City, acting in their constitutionally delegated legislative capacity, could by reference validly and properly incorporate by reference into their legislative act, that is, the city charter, the terms and provisions of a statute of the State of Missouri dealing with the same general subject and of which they were each charged by law with constructive knowledge. The determining question, therefore, is whether the use of the incorporation by reference technique in the legislative process by the inhabitants of University City resulted in a failure of the charter as enacted to meet the requirement of Section 71.610 that in order for University City to have the power to impose a license tax on respondent, its business, avocation, pursuit or calling must be "specially named as taxable in the charter."

■ ■ In State v. Lloyd, supra, this court said that when a statute, that is, a legislative act, adopts part or all of another statute by a specific and descriptive reference thereto "the effect is the same as if the statute or part thereof adopted had been written into the adopting statute." This is the rule in other jurisdictions where the incorporation by reference technique is approved. See for example, Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29, where it was said that "In the construction of such statutes, the statute referred to is treated and considered as if it were incorporated into and formed part of that which makes the reference." Other statements are to the effect that the provisions of the incorporated by reference statute are a part of the incorporating statute

"just as completely as if they had been explicitly written therein," Pacific First Federal Sav. & Loan Ass'n v. Pierce County, 27 Wash.2d 347, 178 P.2d 351, 355; "to the same extent as though actually incorporated in the former," Town of Wauwatosa v. City of Milwaukee, 259 Wis. 56, 47 N.W.2d 442; and "as though the provisions had been set forth verbatim and at length," Union Cemetery v. City of Milwaukee, 13 Wis.2d 64, 108 N.W.2d 180, 181. See also the introductory remarks to the annotation at 168 A.L.R. 627, and the statement in 50 Am.Jur. Statutes § 38 that "The adoption of an earlier statute by reference makes it as much a part of the later act as though it had been incorporated at full length." This necessarily must be so. If the incorporation by reference technique is permissible, and it is in Missouri, the incorporated language becomes a part of the incorporating legislative act for all purposes. It cannot be there for some and not there for others. We conclude that Subsec. (20) of Sec. 17 of the charter of University City incorporated therein as a part of the charter the "businesses, occupations, professions, vocations, activities or things whatsoever set forth and enumerated by the statutes of this State * * * applicable to cities of the First, Second, Third or Fourth Class * * * which any such cities are * * * permitted by law to license, tax or regulate," which admittedly includes the business of respondent, and that by such authorized technique the business of respondent was "specially named in the charter as taxable" to the same extent and with the same effect as if the words and terms of the incorporated statutes had been copied and set forth in the charter *haec verba*. For the above reasons we conclude that the trial court erred in its ruling that "the occupation of contracting or construction contracting is not specially named as taxable in the city's charter."

Respondent contends, however, that if it be held that University City had the power to impose by ordinance a license tax on its business or activities as a contractor, it did not do so prior to February 1, 1960, and as to this contention we agree.

In Chapter IX of the Municipal Code, entitled "Licenses and Business Regulations," a license tax is imposed on numerous businesses and activities, but the business or activity of construction contractor or contractor is not included. The city contends that such activity is included in the ordinance definition of a merchant. Section 911.1 of the Municipal Code defines a merchant as "Whoever shall deal in the selling of any goods, wares or merchandise at any store, stand or place occupied for that purpose within the city * * *." Respondent was a merchant within this definition as to its "across the counter" sales, and it reported the gross receipts therefrom and paid the license tax. The city relies primarily on a further definition of merchant in Section 911.6 of the Municipal Code as follows: "The term 'retail merchant' and 'wholesale merchant' as used herein shall include not only any person, firm or corporation who sells goods, wares and merchandise at retail or wholesale to customers, but shall also include any person, firm or corporation conducting any business in the city who furnishes goods, wares and merchandise to customers in connection with contracts for services of any kind."

In the agreed statement of facts it is stipulated that respondent is engaged "in the business of construction contracting," and that in so engaging it "furnishes and employs labor and consumes material in the performance of construction contracts." We think it unnecessary to determine whether a city which has the authority to impose a license tax on the business of a "merchant," can by ordinance impose such tax and then define the term "merchant" to include one engaged in the business of constructing buildings under contract. The determining factor in this case is that Section 911.6 purports to define a merchant as one "who *furnishes* goods, wares and merchandise *to customers* in connection with contracts for services," and the parties

have stipulated and agreed that respondent does not do this, but on the contrary, it *consumes* the goods, wares and merchandise. This stipulation and agreement has support not only in the facts of this case but is in accord with the ruling in City of St. Louis v. Smith, 342 Mo. 317, 114 S.W.2d 1017, that contractors use and consume materials in order to produce the finished product in compliance with their contract. In addition, to give the ordinance the strained and unrealistic construction contended for by the city would be contrary to the rule that a liberal construction of a municipal ordinance is not authorized when the taxing power is sought to be exercised. City of St. Louis v. Pope, 344 Mo. 479, 126 S.W.2d 1201; City of Sedalia ex rel. and to Use of Ferguson v. Shell Petroleum Corporation, 8 Cir., 81 F.2d 193, 106 A.L.R. 1327. We note also that on February 1, 1960, University City amended its Municipal Code by enacting a new Chapter IX thereof relating to licenses and business regulations. In this new chapter it imposed a license tax on "merchants," and in a separate section it imposed a license tax on "contractors of all kinds including but not limited to: building, * * *."

We conclude that the business or activity of "construction contractor," or its equivalent in meaning, is specially named as taxable in the Charter of University City, but that prior to February 1, 1960, University City had no ordinance imposing a license tax on respondent's business of "construction contractor."

The judgment is reversed and the cause remanded for such further proceedings as may be necessary to determine the amount of tax due by respondent, and for the entry of a judgment in conformity with the views here expressed.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court en banc.

STORCKMAN and LEEDY, JJ., concur.

HYDE, J., concurs in result in separate concurring opinion filed.

HOLMAN and DALTON, JJ., concur in result and concur in separate concurring opinion of HYDE, J.

EAGER, C. J., dissents in separate dissenting opinion filed.

HENLEY, J., not sitting.

HYDE, Judge.

I concur in result reached in the principal opinion but I only agree that Subsec. (20) of Sec. 17 of the charter of University City incorporated therein as a part of the charter the "businesses, occupations, professions, vocations, activities or things whatsoever set forth and enumerated by the statutes of this State * * * applicable to cities of the First, Second, Third or Fourth Class * * * which any such cities are * * * permitted by law to license, tax or regulate," as designated in such statutes as they stood at the time of the adoption of the charter of University City. Although it is not directly stated, it may seem to be implied that such an adoption by reference in the charter would include businesses, occupations, professions, etc., later included in such statutes by amendments made thereafter by the legislature. I think it should be made plain that only the businesses, occupations, professions, etc., included in the statutes referred to at the time of the adoption of the charter of the city, would be incorporated by reference in the charter of the city and that it could obtain no further taxing authority from later amendments of these statutes.

EAGER, Chief Justice (dissenting).

I do not believe that the legislative enactment (§ 71.610) providing that no such

city license tax shall be imposed upon any "business avocation, pursuit or calling" unless it "is *specially named* as taxable in the charter of such municipal corporation" is complied with by a mere attempt to adopt by reference all statutory provisions applicable "to cities of the First, Second, Third, or Fourth Class, or of any population group, and which any such cities are now or may hereafter be permitted by law to license, tax or regulate."

Certainly the use in § 71.610 of the words *"specially named"* must indicate some significant legislative intent; to me they do *not* signify that the charter may include a blanket incorporation by reference of all statutory authorizations. In fact, I do not believe that they permit any incorporation by reference, and I would hold invalid all the taxes sought to be imposed on Respondent, in view of the City's obvious effort to circumvent the requirement of the statute.

Also, the attempt to include all future statutory changes, in my view, renders subsection (20) of Sec. 17 of the charter so vague as to make it wholly void.

I would affirm the judgment of the trial court.