## BEATTIE MANUFACTURING COMPANY, PROSECUTOR, v. TOWNSHIP OF LITTLE FALLS, DEFENDANT.

Submitted January term, 1929—Decided January 30, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Gustav A. Hunziker.*

PER CURIAM.

The writ of *certiorari* was allowed in this case to review a sewer assessment of $3,857.70 levied against the prosecutor's property, located on the northerly side of Main street, known as lot two (2) block fifty-three (53) on the official assessment map of the township of Little Falls.

It is stipulated that the prosecutor was assessed on a basis of one thousand two hundred fifty and forty-seven one-hundredths feet frontage at the rate of $3.085 per foot; equals $3,857.70; whereas in point of fact, it should have been assessed for nine hundred and seventy-nine feet only. The assessment it is agreed should be reduced by the sum of $837.48 leaving the assessment under review at $3,020.22.

The pertinent facts to this controversy are as follows, viz.: The property assessed extends along the north side of Main street, Little Falls, New Jersey, westerly from Union avenue, for a distance of about one-quarter of a mile and slopes rapidly from Main street to the Passaic river. At the time the sewer was laid and the assessment made the road was a state highway, and was paved partly with asphalt and partly with granite blocks on a concrete base, which are considered permanent pavements. The sewer line for which the assessment is made is an eight-inch sanitary sewer, constructed on the southerly side of the street, under the sidewalk, while the property of the prosecutor is on the north side of the street, with the pavement intervening. The line of sewer in question is actually nine hundred and seventy-nine feet long. The character of the ground is trap rock in the bottom of the sewer trench, overlaid with soil in varying amounts; it is necessary to blast the rock to get through.

The buildings of the prosecutor, on the north side of the street, consist of a group of about twenty factory buildings, built closely together along the slope, from the highway down to the river. The buildings at present have a sewer connection with an existing sewer lying to the east of Union avenue, and by means of a collecting system shown on *Exhibit P-1,* the sewage runs into a tank on the edge of the river, from which it is pumped to a connection with the existing sewer to the east of Union avenue. The tank in question is about thirty-two and one-half feet below the elevation of the sewer, which is the subject-matter of this litigation.

The first point made by the prosecutor is the lot or property assessed is located below the level of the street and the sewage from the buildings erected thereon will not run into the sewer. This we think is demonstrated as a fact from the testimony

returned with the writ. The property receives and can receive no benefit from the building of the sewer.

Point two: the sewer is laid under the sidewalk on the opposite side of Main street with the state highway intervening; it is either impossible or impractical to make sewer connections across Main street. The practical way to connect the property with the sewer, if such connection is ever desired, is by laying a sewer on the side of the street next to the mill property, at such time as the facilities may be needed.

Point three: the sewage from the lot assessed has been already taken care of by a connection with the pre-existing sewer at the corner of Main street and Union avenue and there is no enhancement in the market value of the prosecutor's property, by the construction of the sewer and there is no benefit to the prosecutor's property derived from the sewer. This we think the testimony, also, amply demonstrates.

The only other point that calls for any discussion is that urged by the defendant, viz., the *certiorari* was allowed after thirty days shall have elapsed from the date of the confirmation of such assessment or award, in violation of *Pamph. L.* 1917, *pp.* 319, 404, *art.* 20, as amended by *Pamph. L.* 1921, *p.* 515, § 56.

The writ was issued on February 4th, 1928. The assessment for the improvement was confirmed July 6th, 1927. The writ, so it is urged, should be dismissed on this ground.

But this statute, the cases all hold, does not apply where the assessment is in violation of constitutional rights. *Walsh* v. *Mayor, &c., of Newark,* 78 *N. J. L.* 168.

This statutory limitation cannot be enforced for the protection of an assessment, which the legislature could not constitutionally authorize, *i. e.,* where there is no benefit conferred on the propetry assessed, as in the present case. So, *Mitsch* v. *Township of Riverside,* 86 *N. J. L.* 603; *Meredith* v. *City of Perth Amboy,* 63 *Id.* 520.

As it is not shown that the prosecutor's property received any benefit from the cosntruction of the sewer, but the contrary appears. The assessment and the judgment confirming the same must be set aside and vacated with costs, and such will be the order of the court.