CITY OF SPRINGFIELD, Missouri, a Municipal Corporation, Plaintiff–Appellant,

v.

S. Ray BRADLEY and Verna Jo Bradley, Defendants–Respondents.

No. 15095.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1988.

Dennis Budd, Asst. City Atty., Springfield, for plaintiff-appellant.

John R. Lewis, Lewis & Stevens, P.C., Springfield, for defendants-respondents.

HOGAN, Acting Presiding Judge.

Plaintiff City of Springfield brought this action to enforce the lien of a special tax bill. Upon trial, the court found for the defendants. The plaintiff, to whom we shall refer as the city, has appealed. The question presented is whether the city's construction of a sanitary sewer line across the defendants' lot conferred a taxable special benefit upon the defendants' property. The trial court found it did not. We agree and affirm the judgment.

The Sewer District here involved is Sanitary Sewer District 36E of Section 15. It is part of the sanitary sewer system of the City of Springfield. The district was established and its boundaries were defined by a special ordinance enacted by the plaintiff city on May 17, 1982. The special tax was levied and assessed by an ordinance enacted August 8, 1983 and the special tax bill sued upon bears the same date. The regularity of the proceedings to establish the sewer district and to issue the special tax bill is not questioned.

Defendant Ray Bradley testified that he and his wife owned Lot 3 in Sunset Acres in the south part of the city. He had bought the lot "early" in 1972. When the defendants bought their property, a brick duplex had been built on it; the defendants lived in the "east unit" of the duplex at trial time. Further, when the defendants bought their property, it was served by a private sanitary sewer service. In 1982, the City of Springfield purchased the sanitary sewer which served the defendants' property. Since that time the defendants have paid sewer service charges to the city.

Nevertheless, after the establishment of Sewer District No. 36E of Section 15, the city condemned an easement across the defendants' lot and installed a sewer line on defendants' property. The defendants had never had any problems with their original sewer service; their sewer service had been satisfactory and uninterrupted during the entire time they owned the property, and they did not connect their sewer to the new line constructed by the city. Such, speaking generally, is the substance of the record before us.

The city reminds us that its legislative determination of the necessity for the sanitary sewer district creates a presumption that the property in the sewer district was benefited thereby, and the burden to establish the contrary rests upon the defendants. *Lakewood Park Cemetery Association v. Metropolitan St. Louis Sewer District*, 530 S.W.2d 240, 248[10] (Mo. banc 1975). The city also cites *Sears v. City of Columbia*, 660 S.W.2d 238, 245 (Mo.App.1983), wherein our colleagues at Kansas City quite correctly pointed out that judicial review is limited to deciding whether the legislative determination was 1) arbitrary, 2) induced by fraud, collusion or bad faith, or 3) was in excess of the city's powers.

While we agree that the city's legislative determination carries with it a strong presumption that a benefit was conferred upon the defendants' property, there is another side to the coin, so to speak. Many years ago our Supreme Court held that special or local assessments are valid only when they are imposed to pay for improvements clearly conferring special benefits upon the property assessed, and the benefits must be substantial, certain and capable of being realized within a reasonable time. *City of Webster Groves v. Taylor*, 321 Mo. 955, 959, 13 S.W.2d 646, 647[2] (1929). Such is the general law. *Nev–Cal Electric Securities Co. v. Imperial Irrigation Dist.*, 85 F.2d 886, 902[18] (9th Cir. 1936), *cert. denied*, 300 U.S. 662, 57 S.Ct. 493, 81 L.Ed. 871 (1937); 14 McQuillin, Municipal Corporations § 38.32, p. 143 (3rd ed. 1987). Despite the intensity of the language limiting judicial review of the validi-

ty of a special assessment, the presumption on which the city relies is not conclusive. *Sears v. City of Columbia,* 660 S.W.2d at 257.

■ In this case the controlling principle is that if property is not benefited by reason of the existence of a like or similar improvement from which the property derives all the benefit of the kind necessary to its use and enjoyment, it is not subject to assessment for the later improvement. 14 McQuillin, Municipal Corporations § 38.34, p. 158. In *McChesney v. City of Chicago,* 213 Ill. 592, 73 N.E. 368, 370 (1905) the Supreme Court of Illinois held that where a city lot fronted 218 feet on one street and was already furnished with water, and its frontage on another street was such that there would be no benefit from a water pipe laid therein, the lot was not subject to special assessment for the second improvement of the same kind as the first. In *Independent School Dist. No. 709 v. City of Duluth,* 287 Minn. 200, 177 N.W.2d 812 (1970), the land assessed for the construction of a trunk line sanitary sewer consisted of two tracts, one of which was already served by a sanitary sewer. The Supreme Court of Minnesota held that the lot already served by a sanitary sewer was not subject to assessment, because if the existing sewer was adequate, no benefit could accrue from the construction of another.

In *Beattie Manufacturing Co. v. Little Falls Township,* 7 N.J.Misc. 161, 144 A. 634 (1929), the court reviewed a sewer assessment in the amount of $3,020.22 which had been levied against property owned by the Beattie Manufacturing Co. The evidence disclosed, among other things, that Beattie had been assessed for the construction of a sewer system even though it already had adequate sewer service, and connection with the new sewer would have been very difficult. The court held, among other things, that no benefit accrued to Beattie's property by reason of the construction of a second sewer. The assessment was held invalid. In *Upper Moreland–Hatboro Joint Sewer Authority v. Pearson,* 190 Pa.Super. 107, 152 A.2d 774 (1959), defendant Pearson owned a lot which fronted on two different streets approximately 175 feet apart. A zoning ordinance prevented Pearson from constructing a house fronting on one of the streets—Allison Road. Accordingly, Pearson connected his house with the sewer line which had been constructed in the bed of Summit Avenue, which ran along the front of his house. Thereafter the plaintiff constructed a sewer in the bed of Allison Road and sought to assess Pearson for part of the cost of the second sewer. The court held, inter alia, that when a property is first benefited by a municipal improvement it is assessable therefor, but where it has once enjoyed the particular improvement, the property is not assessable for a second improvement of the same character.

■ As we understand the city's brief, it is argued that a benefit accrued to the defendants' property because the existence of a sewer district would cause property values, including the value of the defendants' property, to appreciate. In support of this argument, we are cited to *Lakewood Park Cemetery Association v. Metropolitan St. Louis Sewer District,* 530 S.W.2d at 247, wherein our Supreme Court stated that sanitary sewers exist basically for the protection of the health of the people, and that one of the consequences of the installation of sanitary sewers is the enhancement of property values which simply results from the removal of filth which is known to be the cause of disease. The argument does not aid the city here. The city was not faced with the alternative of permitting raw sewage to meander through open land and seep into adjoining ground or channeling that sewage in enclosed conduits to a disposal plant, as was the case in *Lakewood.* Defendant Ray Bradley did testify that the value of his lot had appreciated; the city suggests that this appreciation itself was a sufficient benefit. There is nothing in the record, however, to suggest that the appreciation is a result of the installation of a sewer system where there was no sewage disposal whatever. Rather, what the record shows is that at trial time, some residents of the area had not had their sewer lines connected to the new sewer system. There was a satisfactory sew-

age disposal system in the area before Sanitary Sewer District 36E of Section 15 was constructed. Mr. Bradley testified that there was no escape of sewage from the septic tanks which were in place prior to the installation of the new sewer lines, nor was there any malodorous smell after a heavy rain. This case is distinguishable from those precedents in which the courts have found a benefit from the installation of a sanitary sewer system in an area where there were no sewage disposal facilities whatever. By the time the cost of the improvement was assessed and the issuance of special tax bills was authorized, the defendants' property was connected to a city-owned sewer line. The defendants are not, in our view, benefited by a second improvement of the same character. Accordingly, the judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

PREWITT, P.J., disqualified.