Rachel Hall WHIPPLE, Respondent,

v.

CITY OF KANSAS CITY,
Missouri, Appellant,

and Arthur D. Brookfield, II, Beverly Barker Nix, John Lawrence Williams, Michael B. Mead and Richard L. Berkley, ex officio, Commissioners of the Board of Police Commissioners of the City of Kansas City, Missouri, Respondents.

No. WD 41217.

Missouri Court of Appeals,
Western District.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Richard N. Ward, City Atty. and Salmon B. Mumma, Asst. City Atty., Kansas City, for appellant.

Rachel Hall Whipple, pro se.

Truman K. Eldridge, Jr., Armstrong, Teasdale, Schlafly, Davis and Dicus, Kansas City, for respondent.

Before ULRICH, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This is a declaratory judgment suit brought by Rachel Hall Whipple, an employee of the Board of Police Commission-

ers of Kansas City, to determine the authority of the city to levy an earnings tax on sums paid at Whipple's direction to the Kansas City, Missouri Police Department Deferred Compensation Plan. The trial court found that such tax should not be withheld and the city has appealed.

The facts of the case are agreed. In 1975, the Board of Police Commissioners established a deferred compensation plan for the purpose of providing retirement assets to police department personnel. Under the plan, an employee was entitled to forgo amounts otherwise due under current earnings and accept in place thereof the board's promise to pay those amounts, together with investment income, upon the employee's retirement, the cessation of his employment or in the event of certain specified emergencies. Participation in the plan is voluntary and subject to the limitation that no more than one-third of the employee's salary or $7500.00, whichever is less, may be contributed to the plan in each year.[1]

An employee participating in the plan enjoys the right to designate what investment vehicles the board shall choose for sums allocated to the employee's account. The account reflects the current status of the employee's prospective benefits, but the account is the property of the board and balances in the account are unassignable by the employee, non-transferrable and are not subject to attachment, garnishment or execution for debts of the employee. The sole interest of the employee in his deferred compensation is the unsecured promise of the board to pay the employee whatever balance may be in the account at the employee's retirement or separation from the department.

The plan defines deferred compensation as "the amount of compensation not yet earned, as designated in the Participation Agreement * * *, which the participant and the Employer mutually agree shall be deferred in accordance with the provisions of the Plan." The Plan also states:

*All amounts of Compensation deferred under this Plan, all property and rights which may be purchased by the Employer with such amounts and all income attributable to such amounts, property or rights to property shall remain the sole property and rights of the Employer without being restricted by the provisions of this Plan subject only to the claims of the Employer's general creditors. The obligation of the Employer under this Plan is purely contractual and shall not be funded or secured in any way.*

Whipple has been employed as a member of the police department since December 10, 1979. On April 30, 1984, she executed a participation agreement in the plan and thereafter executed amended agreements increasing her contribution amounts. The total amount the police board has paid into the plan on Whipple's behalf, as of the relevant date, is $8155.00. In addition to Whipple, 755 other employees of the police board have entered into plan participation agreements since 1979.

The City of Kansas City, Missouri, is a constitutional charter city organized pursuant to § 82.010, RSMo 1986,[2] as authorized by § 19(a), Art VI of the Missouri Constitution. The Missouri General Assembly has granted to Kansas City the power to impose certain taxes including an earnings tax. Section 92.210 relative to the earnings tax provides as follows:

*Any constitutional charter city in this state which now has or may hereafter acquire a population of more than four hundred fifty thousand but less than seven hundred thousand inhabitants, according to the last federal decennial census, is hereby authorized to levy and collect, by ordinance, for general revenue purposes, an earnings tax on salaries, wages, commissions and other compensation earned by its residents; on the salaries, wages, commissions and other compensation earned by nonresidents of the city for work*

---

**1.** An exception to this condition applies in the last three years prior to retirement. These details are irrelevant to the issues presented.

**2.** All statutory references are to RSMo 1986.

done or services performed or rendered in the city; on the net profits of associations, businesses or other activities conducted by residents; on the net profits of associations, businesses or other activities conducted in the city by nonresidents; and on the net profits earned by all corporations as the result of work done or services performed or rendered and business or other activities conducted in the city.

A similar provision occurs in the Kansas City Charter, § 394.1.

Both the statute and the charter authorize but do not impose the earnings tax. The imposition of the tax is by city ordinance § 32.141(a):

A tax for general revenue purposes of one per centum (1.0%) per annum is hereby imposed.

(1) On all salaries, wages, commissions and other compensation earned or received by resident individuals of the city for work done or services performed or rendered.

(2) On all salaries, wages, commissions and other compensation earned or received by nonresident individuals of the city for work done or services performed or rendered in the city.

Prior to July 24, 1987, Kansas City did not deem the amounts paid into the deferred compensation plan for employees of the police board as salaries or wages subject to the earnings tax. On that date, however, the city announced its intention to collect such taxes, retroactive to January 1, 1982. The city notified the police board to commence withholding the earnings tax from wages of police department employees in sufficient amounts to represent one percent of all sums allocated as deferred compensation, as well as the current earnings paid to the employees. The police board notified its employees of the city directive and this suit followed. To date, the order for withholding has not been implemented.

The issue in the case is whether the city is entitled to collect from police department employees the sum of one percent on amounts credited to the deferred compensation accounts since January 1, 1982 and a like amount on future credits to such accounts. The trial court held that amounts allocated to deferred compensation do not qualify as salaries, wages or compensation earned under the applicable city ordinance and that the city had no power to order withholding of the tax on those amounts.

On appeal, the city challenges the judgment asserting three principal points of error with several sub-points. The arguments are multifaceted, convoluted and difficult to summarize. As the following discussion will demonstrate, however, it suffices for disposition of this appeal to find that the trial court correctly decided appellant city did not have a grant of authority from the Missouri General Assembly to levy an earnings tax on amounts allotted under the deferred compensation agreement.

The principal subject of contention between the parties revolved around the terms of the participation agreement which the employee signs when subscribing to the deferred compensation plan. The employee thereby directs the employer to effect a reduction in current salary and the employee also relinquishes any right to receive that portion of his wages when the services are performed. The amounts of such salary reduction remain the property of the employer and in exchange, the employee accepts the unsecured promise by the employer to pay retirement benefits at a future date, if funds are available to the employer at the time for that purpose. The employee has no guarantee that any payment of deferred compensation will be made. Moreover, the forfeiture by the employee of the deferred wages is unconditional for such current periods as the agreement may remain in force.

The contention by the city has been that its ordinance taxes earnings and it is immaterial to the efficacy of the tax that an employee may elect not to receive those earnings when services are actually rendered. Employee Whipple counters by pointing out that the sums represented by the deferred compensation agreement are not earnings at all because she has no

current right to receive payment and receipt of any commensurate benefits in the future for services attributable to the deferred amounts is contingent and uncertain. If the tax on those amounts is extracted by the city, it is imposed on money the employee has not received and may never receive.

The obvious point for first consideration in the review of the trial court's findings is to determine if the court correctly found the city lacking a power to tax the earnings in question. If that power does not exist, then the somewhat abstract question of when compensation becomes earnings need not be addressed.

The concept of deferred compensation as a means for employees of state and local governments to provide for their retirement was adopted by the Congress in the Revenue Act of 1978, 26 U.S.C.A. § 457. The Missouri General Assembly had previously enacted §§ 105.900 to 105.925, also providing for deferred compensation retirement plans. The purpose underlying both the federal and state legislation was to encourage employee savings for retirement by the dual incentives of deferring tax payments on earnings committed to the plan and earnings on the funds so deposited. Implementing this concept was § 105.900.2 which reads in part as follows:

> However, any sum deferred under the deferred compensation program shall be exempt from taxation by this state to the same extent as it is exempt from income tax imposed by the United States.

In the present case, it is undisputed that the deferred compensation amounts for employees under the Board of Police Commissioners Deferred Compensation Plan are exempt from federal income taxes and are therefore also exempt from taxation by the State of Missouri.

■ Art X, § 1 of the Missouri Constitution provides that the taxing power of the state is exercised by the general assembly for state purposes and by other political subdivisions for county and municipal purposes as the general assembly may grant such power. The power to tax is inherent in the state and any attempt by a municipality to impose a tax, including an earnings tax, not authorized by the general assembly by statute is invalid. *Grant v. Kansas City*, 431 S.W.2d 89 (Mo. banc 1968). A city has no inherent power to tax. The power may be delegated to the city by the state but the authority must be expressly granted or necessarily incident to the powers conferred. In case of doubt, the power to tax is denied. *Holland Furnace Company v. City of Chaffee*, 279 S.W.2d 63, 68 (Mo.App.1955).

■ As was noted earlier in this opinion, § 92.210 authorizes the legislative body of Kansas City to levy and collect an earnings tax on "salaries, wages, commissions and other compensation earned." [3] That authorization was enacted by the general assembly in 1963. Thereafter, the general assembly enacted §§ 105.900 et seq. which recognized the concept of deferred compensation plans as additions to existing retirement, pension and benefit systems established by the state or political subdivisions. The relevant subsection of the statute, as noted above, excludes sums in deferred compensation programs from state taxation.

Section 92.210 which gives the city its authority to impose an earnings tax on salaries and wages earned is necessarily modified by § 105.900.2 which declares that sums allocated to deferred compensation plans are exempt from state taxation. By definition, the city's taxing power being derivative from the state by legislative grant cannot exceed the state's power from which it emanates. Thus, it follows that when the general assembly acted to ex-

**3.** We note in passing that Kansas City Ordinance § 32.141(a) purports to impose the tax on "salaries, wages, commissions and other compensation *earned or received.*" The intent of this language is unclear but it would appear to suggest that some species of compensation un- earned but received is also taxable. The statute limits the tax to earnings and the city has therefore exceeded its grant of power by attempting to reach income not within the scope of § 92.210.

empt deferred compensation from taxation by the state, not merely a sub-classification of state taxes, it also withdrew any previous delegation of state taxing power to the city.

This application of the statutes is consistent with the concept of augmenting existing retirement, pension and benefit systems established by the state or political subdivisions, as mentioned in § 105.900.2, and with provisions of the federal Internal Revenue Code. In exchange for a deferral of current income by a salary reduction, the employee is granted a concurrent tax reduction and the prospect of improved financial security upon retirement. The city's position that it may extract a tax from employees based on sums they have not received and may never receive is simply untenable.

The city also complains that the trial court erred when it found that the earnings tax was not only inapplicable to Whipple's current deferred compensation amounts but was also not assessable upon sums paid out to deferred compensation participants at retirement. We agree that the holding was in error.

The issues submitted in this case did not include any question regarding payment of earnings taxes by retired employees. Whipple has not retired nor has she withdrawn any funds from deferred compensation accounts because of emergency or separation from police board employment. This additional question was therefore not before the court and its ruling on the subject could be no more than an expression of opinion on a hypothetical question. It was error for the court to enlarge its decision by purporting to decide what earnings tax would be owed by police board employees upon retirement.

The judgment of the circuit court is affirmed except as to the decision holding that distributions from the Kansas City, Missouri Police Department Deferred Compensation Plan is not subject to the Kansas City Earnings Tax. That judgment is re-

versed because not within the scope of the issues presented.

All concur.