William C. HOPKINS, et al., and David Widner, et al., Respondents,

v.

CITY OF KANSAS CITY, MISSOURI, et al., Appellants.

No. 77240.

Supreme Court of Missouri, En Banc.

Feb. 21, 1995.

As modified on Denial of Rehearing March 21, 1995.

Kathleen A. Hauser, City Atty., Sharon K. Euler, Asst. City Atty., Kansas City, for appellants.

George A. Barton, Scott K. Martinsen, Kansas City, Keith Brunstrom, Roger Brown, Jefferson City, Danieal H. Miller, Columbia, Daniel C. Aubuchon, Daniel A. Raniere, Stephen F. Meyerkord, Thomas J. Casey, St. Louis, Ronald J. Stites, Kansas City, for respondents.

BENTON, Judge.

Kansas City imposes a one percent tax on earnings. *§ 92.210 RSMo 1994.* The circuit court ruled that Kansas City may not tax employee contributions to deferred compensation plans. This Court reverses that construction of the revenue laws. *Mo. Const. art. V, § 3.*

## I.

Kansas City taxes "compensation paid for personal services, whether denominated as wages, salary, commission, bonus or otherwise." *K.C. Ordinances art. VI, § 32.140–.141 (1993); see also K.C. Charter § 394.1.* Plaintiff taxpayers seek a declaration that Kansas City cannot tax their contributions, when made, to nine types of "deferred in-

come plans and/or qualified tax-deferred retirement plans, including but not limited to:

(1) Internal Revenue Code ("I.R.C.") § 401(k) plans;

(2) I.R.C. § 403(b) plans;

(3) salary reduction plans (SEPs) under I.R.C. § 408(k);

(4) cafeteria plans under I.R.C. § 125;

(5) individual retirement accounts under I.R.C. § 408;

(6) I.R.C. § 457 plans;

(7) thrift savings plans under I.R.C. § 7701(j);

(8) ESOPs under I.R.C. §§ 401 and 409; and

(9) defined benefit and defined contribution plans (Keoghs, profit sharing, target benefit plans) under I.R.C. § 401."

The parties stipulated all facts. The trial court granted taxpayers a declaratory judgment that the City exceeded its statutory authority by taxing employee contributions to the deferred compensation plans.

## II.

The parties invoke different constitutional anchors. The taxpayers focus on article X, § 1 (adopted in 1945):

The taxing power may be exercised by the general assembly for state purposes, and by counties and other political subdivisions under power granted to them by the general assembly for county, municipal and other corporate purposes.

The City stresses article VI, § 19(a) (adopted in 1971), which gives charter cities (like Kansas City):

all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute....

■ The taxpayers cite pre–1971 cases holding that article X, § 1, conditions municipal taxation on an express grant of specific authority and resolves any doubt as to the existence of taxing power against the municipality. *State ex rel. Agard v. Riederer*, 448 S.W.2d 577 (Mo. banc 1969); *Carter Carburetor Corp. v. City of St. Louis*, 356 Mo. 646, 203 S.W.2d 438 (1947); *see also Kansas City v. Frogge*, 352 Mo. 233, 176 S.W.2d 498 (1943). Article VI, § 19(a), establishes a new test for a charter city: whether an ordinance conflicts with the constitution, the city charter or a statute. *Cape Motor Lodge v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986).

## III.

■ The taxpayers on appeal raise no constitutional bar to the earnings tax, and the Kansas City charter authorizes it. *K.C. Charter § 394.1.* The only question is: Does any statute limit or deny Kansas City the power to tax employee contributions to deferred compensation plans?

The key statute—§ 92.210 RSMo 1994—authorizes "an earnings tax on the *salaries, wages, commissions and other compensation earned* by its residents ... and ... by nonresidents of the city for work done or services performed or rendered in the city...." *§ 92.210 RSMo 1994 (emphasis added).* The law imposes some specific limits on Kansas City's authority, but no express limit on taxing contributions to deferred compensation plans. *See § 92.220 RSMo 1994.*

■ Kansas City therefore has a grant—not a denial—of taxing authority as to "other compensation earned." *See Cape Motor Lodge*, 706 S.W.2d at 212. The taxpayers argue that this phrase does not include deferred compensation. Plainly, "other compensation" includes deferred compensation, so the only issue is whether deferred compensation is "earned."

■ The trial court concluded that contributions are not earned because they are not "received by the employee prior to being paid to the deferred compensation plan." For earnings tax, this Court has never equated *earning* compensation with *receiving* it. Rather, "earnings" is defined by an array of qualities that reveal "the employee's control" over the compensation. *Adams v. City of St. Louis*, 563 S.W.2d 771, 774–75 (Mo. banc 1978). In *Adams*, the special unemployment benefits were not subject to earnings tax

because the benefits were "wholly beyond the employee's control." *Id.* at 774.

Compensation is earned when the employee gains control of it, though it may not be in hand. Thus, Kansas City may tax compensation when an employee controls it. The taxpayers controlled their compensation when they "caused" it to be directed into deferred compensation plans. Equally, taxpayers control and direct their compensation to charities, withholding, and other payroll allotments—all subject to earnings tax. Thus, the plain and ordinary meaning of "other compensation earned" includes employee contributions, when made, to deferred compensation plans.

## IV.

The taxpayers repeatedly emphasize that deferred compensation contributions are not taxed (when made) under the federal income tax, so they are not "earned" under the earnings tax. *See, e.g., 26 U.S.C. §§ 125(f); 219(a); 402(e)(3).* In fact, deferred compensation contributions are sometimes immediately taxed by the federal government. *See, e.g., 26 U.S.C. § 3121(a)* (Federal Insurance Contributions Act), *§ 3306(b)* (Federal Unemployment Tax Act). In any event, how Congress treats deferred compensation is irrelevant to how Missouri treats it under the earnings tax. *See Adams,* 563 S.W.2d at 776.

The taxpayers also argue that Kansas City may not tax their contributions because the state defers its income tax, and the City's taxing power cannot exceed the state's. *See §§ 143.121.1, 143.181 RSMo 1994.* This argument fails. First, income tax law "has little persuasive value" in construing the earnings tax. *Adams,* 563 S.W.2d at 775–76. Second, in 1973 the legislature decoupled income tax from earnings tax, by ending the incorporation-by-reference of income tax exemptions into earnings tax law. *Compare § 92.220 RSMo 1973 Supp. with § 92.220 RSMo 1969.* Third, taxpayers erroneously equate the state's *choice to postpone* taxing their deferred compensation with an *absence of power* to tax it.

The taxpayers rely heavily on *Whipple v. Kansas City,* 779 S.W.2d 610 (Mo.App. 1989), holding that Kansas City cannot tax contributions to the Kansas City Police Department Deferred Compensation Fund. In *Whipple,* a specific statute made compensation deferred under the police plan "exempt from taxation by this state to the same extent as it is exempt from income tax imposed by the United States." *§ 105.900 RSMo 1986.* This statute "withdrew any previous delegation of state taxing power from the city." *Whipple,* 779 S.W.2d at 614. Section 105.900 applies only to certain government plans; it does not limit or deny earnings tax on other deferred compensation plans.

## V.

The judgment is reversed and remanded for proceedings consistent with this opinion.

COVINGTON, C.J., and HOLSTEIN, LIMBAUGH, and ROBERTSON, JJ., concur.

THOMAS and PRICE, JJ., not sitting.