**CRITTENTON, A Missouri Not–for–Profit Corporation, Appellant,**

v.

**Janice REED, et al., Respondents.**

No. 78523.

Supreme Court of Missouri, En Banc.

Oct. 22, 1996.

Rehearing Denied Nov. 19, 1996.

Ronald C. Spradley, Kansas City, for appellant.

Kathleen A. Hauser, City Atty., Sharon K. Euler, Asst. City Atty., Kansas City, for respondents.

BENTON, Judge.

Crittenton, a not-for-profit corporation, seeks refund of real estate taxes paid to Kansas City. After the circuit court rejected its various arguments, Crittenton appealed to this Court. *Mo. Const. art. V, § 3.* Reversed in part, affirmed in part, and remanded.

## I.

In 1986, Kansas City voters approved Charter Section 62 authorizing the city council to levy by annual ordinance a "special assessment," not to exceed $1 per foot on land abutting the boulevards, parkways, roads and other highways under control of the board of park commissioners. On the board's recommendation, the council levied special assessments for 1993 and 1994 of $1 per foot on property fronting 42 named highways. Crittenton received special assessments of $6,313.50 each year on its seven parcels abutting West Longview Parkway. Crittenton, indisputably a charitable organization, paid the tax bills under protest and sued for refund under § 139.031.[1]

## II.

The charitable purpose exemption originates from article X, § 6.1 of the Missouri Constitution:

[A]ll property, real and personal, not held for private or corporate profit and used exclusively ... for purposes purely charitable ... may be exempted from taxation by general law.

A general law, § 137.100, exempts from state, county or local taxation:

---

1. All statutory references are to RSMo 1994.

(5) All property, real and personal, actually and regularly used exclusively ... for purposes purely charitable and not held for private or corporate profit, except that the exemption herein granted does not include real property not actually used or occupied for the purpose of the organization but held or used as investment even though the income or rentals received therefrom is used wholly for ... charitable purposes.

See *United Cerebral Palsy Association of Greater Kansas City v. Ross,* 789 S.W.2d 798, 799 (Mo. banc 1990); *City of St. Louis v. State Tax Commission,* 524 S.W.2d 839, 843 (Mo. banc 1975).

■■■ The charitable purpose exemption negates general taxation, but not "special assessments to pay the cost of local improvements." *Lakewood Park Cemetery Association v. Metropolitan St. Louis Sewer District,* 530 S.W.2d 240, 245 (Mo. banc 1975), *citing Mullins v. Mt. St. Mary's Cemetery,* 239 Mo. 681, 144 S.W. 109, 110 (1911). General taxation does not include "assessments made for local purposes upon property in the vicinity of the improvement made and supposed to be benefited thereby." *City of St. Louis v. Allen,* 53 Mo. 44, 52 (1873). The threshold issue in this case is whether the special assessments are general taxation or true special assessments.

In *Zahner v. City of Perryville,* 813 S.W.2d 855, 859 (Mo. banc 1991), this Court held that the special assessment at issue was not a tax within the meaning of the Hancock Amendment, article X, § 22(a). The same analysis controls whether special assessments are general taxes in the context of the charitable purpose exemption in article X, § 6.1 and § 137.100(5).

In sum, the precedents focus on the relation of the alleged special assessments to the improvements. The cases center on two questions: (A) Does the assessed property receive a special benefit from the improvements? (B) Is the amount of assessments based on the cost of the improvements?

### A.

■■ In *Zahner,* the board of aldermen's street policy recited that the improvements benefit the adjoining properties. *Zahner,* 813 S.W.2d at 859. A legislative determination of benefit binds the owner and the courts unless fraudulent, or arbitrary and wholly unwarranted. *Id.; City of Webster Groves v. Taylor,* 321 Mo. 955, 13 S.W.2d 646, 647 (1928).

Here, the city council legislatively determined a special benefit to property along identified boulevards, parkways, roads and other highways, at $1 per abutting foot. In this case, as in *Zahner,* the taxpayer does not contend that the determination was fraudulent or arbitrary. *See Zahner,* 813 S.W.2d at 859. Crittenton fails to meet its burden, and to the extent of the special benefit to assessed property, the special assessments do not appear to be general taxation.

### B.

■■ In *Zahner,* the "specific purpose" of the challenged project was to build curbs, gutters, and storm water control along one street. *Zahner,* 813 S.W.2d at 857, 859. The amount of each assessment was determined by the actual cost of the improvements. *Id.* at 859. The tax bill was assessed pro-rata according to the lineal footage of the improvements abutting the properties. *Id.* The city clerk issued tax bills payable to the contractor without payment into the city's general fund. *Id.*

Here, the specific purpose is "maintaining, repairing, and otherwise improving" 42 boulevards, parkways, roads and other highways in a district encompassing about one-half of Kansas City. True, the bills are payable to a special fund used for maintaining, repairing and otherwise improving the designated highways. However, the $1 per foot charge is not based on the actual cost of maintenance, repair and improvements, but calculated solely by the lineal footage of property abutting the roads.

In this case, neither a legislative determination nor any evidence demonstrates that the amount of the special assessments was based on the cost of maintenance, repair and improvements. The special assessments in this case are general taxation.

### C.

Crittenton paid special assessments on seven parcels of land, five of which comprise

its facilities and grounds. Because the § 137.100(5) charitable purpose exemption negates general taxation, Crittenton is entitled to refunds of the special assessments (plus interest under § 139.031) on those five parcels for 1993 and 1994.

### III.

Two other parcels were severed from Crittenton's main campus by the parkway project itself. On these two parcels, Crittenton paid the special assessments in 1993 and 1994, and general real property taxes in 1994 alone.

As for the general property taxes, Crittenton admits, and the circuit court found, that the two parcels were not used for charitable purposes. In order to qualify for the charitable purpose exemption, property must be "actually and regularly used exclusively ... for purposes purely charitable and not held for private or corporate profit." *Section 137.100(5)*. The two parcels at issue do not qualify for the charitable purpose exemption and are subject to general real property taxes.

As for the special assessments, Crittenton claims that the City agreed to waive them in exchange for Crittenton's conveyance of land for the parkway. The trial court interpreted the language of the alleged agreement as not waiving special assessments. The circuit court's ruling is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Crittenton next argues that the special assessments—issued by authority of the City charter and ordinances—conflict with state law, §§ 88.811 and 88.812, authorizing special assessments by municipalities, including Kansas City. Under article VI, § 19(a) of the Missouri Constitution, the test for a charter city is "whether an ordinance conflicts with the constitution, the city charter or a statute." *Hopkins v. City of Kansas City*, 894 S.W.2d 156, 157 (Mo. banc 1995). As applied to this case, the test is whether §§ 88.811 and 88.812 limit or deny Kansas City the power to levy special assessments for maintaining, repairing and otherwise improving specific highways. *Id., citing Cape Motor Lodge v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986).

■ The answer is no. Sections 88.811 and 88.812, on their face, are not general taxation, because they require that improvements give special benefit to the assessed property, and that the amount of assessments be based on the cost of improvements. As described in part II above, the special assessments here are general taxation. Sections 88.811 and 88.812 do not conflict with Kansas City's general taxation by these special assessments.

■ Finally, Crittenton argues that the City's special assessments violate the Hancock Amendment, article X, § 22(a). Crittenton did not raise this point below. A constitutional question is waived unless raised in the trial court at the earliest opportunity. *Hatfield v. McCluney*, 893 S.W.2d 822, 829 (Mo. banc 1995). This Court need not address the Hancock Amendment issue.

### IV.

As for the five parcels qualifying for the charitable purpose exemption, the judgment of the circuit court is reversed. As for the two other parcels, the judgment of the trial court is affirmed. This case is remanded for proceedings consistent with this opinion.

All concur.