FIELD TRIAL SPORTSMEN'S ASSO-
CIATION, A Missouri Not–for–Prof-
it Corporation, Respondent

v.

Cindy COTTENGIM, Collector of
Revenue, Wright County,
Missouri, Appellant.

No. 28186.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 17, 2007.

Ivan L. Schraeder, Schraeder Law
Firm, St. Louis, MO, for appellant.

Rodney H. Nichols, Carnahan, Evans,
Cantwell & Brown, Springfield, MO, for
respondent.

JOHN E. PARRISH, Presiding Judge.

Field Sportsmen's Association, a Mis-
souri nonprofit corporation, (the associa-
tion) paid real estate taxes for the years
2004 and 2005 to Wright County under
protest. *See* § 139.031.[1] The association
thereafter brought actions against the
Wright County Collector of Revenue (the
collector) for refund of those taxes. The
association also sought determination that
it held the Wright County real estate for
charitable purposes and requested that the
collector be ordered to strike that real
property from the tax rolls of Wright
County.[2]

---

1. References to statutes are to RSMo 2000.

2. Separate actions were brought for 2004 and
2005. The trial court consolidated the cases
and entered one judgment directed to both
actions. That judgment is the subject of this
appeal.

Judgment was entered November 29, 2006. It declares that the real property in question "is actually and regularly used by [the association] exclusively for purposes purely charitable and is not held for private or corporate profit." The judgment further states:

> The property is exempt from property taxation by the State of Missouri by virtue of Section 137.100(5), RSMo. and Article 10, Section 6, Subsection 1 of the Constitution of the State of Missouri. The Wright County Collector, Cindy Cottengim is ordered to strike [the association's] real property, described in [an exhibit attached to the judgment], from the taxable rolls and to refund to [the association] all taxes paid under protest for the years 2004 and 2005, together with interest thereon, as provided by Section 139.031, RSMo. Costs are assessed against [the collector].

This court affirms.

 The collector presents one point on appeal. She argues that the trial court erred in finding the association's property was exempt from taxation "because the property [was] not being used for purely charitable purposes during the years that the tax protest was made."[3] The collector takes issue with the fact that operation of the property yields some revenue that the association uses to meet costs of operation in support of the overall charitable accomplishments to which the property is devoted. The incidental revenue generated and used in support of the association's charitable purposes does not deny the real property exemption from property tax. *United Cerebral Palsy Ass'n of Greater Kansas City v. Ross*, 789 S.W.2d 798, 800 (Mo.banc 1990).[4]

Review of this case is undertaken pursuant to Rule 84.13(d). Giving due deference to the trial court's assessment of witness credibility and the weight given the evidence at trial, *Ussery v. Ussery*, 156 S.W.3d 810, 814–15 (Mo.App.2005), this court finds the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Further opinion would have no precedential value. The point on appeal is denied. The judgment is affirmed in compliance with Rule 84.16(b)(1) and (5).

BATES and SCOTT, JJ., concur.

---

3. The association filed a motion to dismiss the appeal, which was taken with the case, and included a point in its respondent's brief seeking the same relief, contending the collector's point on appeal does not comply with Rule 84.04(d). The point on appeal does not clearly explain in summary fashion why, in the context of the case, the legal reasons it relies on in contending the trial court erred in finding for the association support the claim of error. Nothing in the point on appeal identifies what facts depict a failure to comply with the statute that denotes when property is exempt from taxation. *See* Rule 84.04(d)(1)(C). However, "[a]ppellate courts ... do not generally exercise discretion to disregard a defective point unless the defective point impedes disposition of the case on its merits." *Bolz v. Hatfield*, 41 S.W.3d 566, 571 (Mo.App.2001).

The deficiency in the collector's point does not impede disposition of the case. The association's request to dismiss the appeal is denied.

4. *Franciscan Tertiary Province of Missouri, Inc. v. State Tax Commission*, 566 S.W.2d 213 (Mo.banc 1978), established criteria for determining when property is exempt from taxation pursuant to § 137.100(5). It requires showing that the property is owned and operated on a not-for-profit basis; that the property be actually and regularly used for purposes purely charitable; and that the dominant use of the property benefits an indefinite number of people and society in general, either directly or indirectly. *Id.* at 224.